Matthias, J.
 

 The question presented in this case is whether, under the facts before the court, an injunction should issue restraining the defendant from proceeding to trial with her case against the plaintiff, now pending in the Superior Court of Cook county, Illinois.
 

 If the question of jurisdiction of that court were the only issue, that would, of course, be a question for its determination. However, the jurisdiction of that court
 
 *273
 
 is not challenged. On the contrary, it is conceded that it has jurisdiction of both the subject-matter and the parties.
 

 It is well settled that a court of equity may restrain a person over whom it has jurisdiction from bringing or maintaining in a foreign state an action against another which will result in a fraud or gross wrong or oppression. This court recognized and approved the exercise of authority to stay or prevent proceedings in the courts of another state as early as 1874, in the case of
 
 Snook
 
 v.
 
 Snetzer,
 
 25 Ohio St., 516, where it found an inequitable hardship was about to be imposed by one citizen of the state against another by the institution and maintenance of an action in another state. It adopted and followed the principle generally applied that in exercising such authority courts proceed not upon any claim of right to control or stay proceedings in another state or country, but upon the ground that the person on whom the restraining order is made resides within the jurisdiction and is within the power of the court issuing it. The order operates upon the person of the party and directs him to proceed no further in the action, and not upon the court of the foreign state or country in which the action is pending. The jurisdiction rests in the authority vested in courts of equity over persons within the limit of their jurisdiction to restrain them from doing inequitable acts to the wrong and injury of others, and on the power of the state to compel its own citizens to respect its laws even beyond its own territorial limits. There is, therefore, a clear distinction between an injunction against the proceedings of a court in another state and one to restrain the personal action of a citizen. The decree acts solely upon the party and is not an interference with the proceedings of the courts of a sister state and is not in contravention of any right given by the Constitution or laws of the United States. 14 Ruling Case
 
 *274
 
 Law, 413, Section 114; 32 Corpus Juris, 116, Section 137, and numerous cases there cited.
 

 An examination of the many cases involving this question discloses that courts differ widely as to whát constitutes a proper case for the exercise of such jurisdiction, there being a great divergence of opinion as to the facts and conditions justifying the issuance of an injunction. All seem to agree, however, that no general rule can be laid down as to when the court ought to enjoin a party from prosecuting a suit in a foreign jurisdiction, and that each case must be ruled by its own facts. It may be stated, however, that such restraining order is warranted when it is clearly shown that the institution of the suit in another state was for the purpose or has the effect of unduly harassing or oppressing the defendant or securing to the plaintiff some unfair, unconscionable or inequitable advantage.
 

 The grounds upon which the action for injunction is based in this case and which are supported by evidence adduced upon the hearing are in substance as follows:
 

 To maintain its defense, the company will have 16 or 17 witnesses, all of whom reside in Ohio within a comparatively convenient distance from the county seat of either Cuyahoga or Huron counties, and they could not be compelled to attend a trial in Chicago. Such as would consent to do so could be transported and maintained during the time of the trial only at great expense, which would be exceedingly heavy as to the medical experts whose evidence would be needed. Then, too, many of the witnesses are employees engaged in interstate train service. The presentation of evidence by deposition is not only unsatisfactory, but it is obvious that rebuttal evidence would be impossible of procurement and submission. The witnesses of the claimant are all residents of either Bellevue or Cleveland. The right accorded the company by our statute, that of
 
 *275
 
 a physical examination by a physician of its own selection, is not conferred by the statutes of Illinois.
 

 On the other hand, the reasons assigned by the claimant for the prosecution of her claim in the Illinois court are that she has employed a Chicago lawyer, William Wallace McCallum, and that, by reason of the fact that the railroad company’s lines run through the two Ohio counties named and that the railroad pays heavy taxes therein and transports citizens who reside there, she would be unable to have a fair and impartial trial in either of such counties.
 

 The first of these grounds stated by the claimant for her desire to prosecute her action in Illinois being entirely unsupported by any good reason and the second by either fact or reason, we deem them entitled to very little, if any, consideration.
 

 We find no action upon the part of the company in the Cook county court that would constitute a waiver of any right it may have to the remedy it seeks in this case. It appears that the pendency of this suit has heretofore been brought to the attention of that court and, upon motion, the case there pending has been continued. The action of that court in such respect was no doubt taken pursuant to the decision of the appellate court of Illinois in the case of
 
 Allen
 
 v.
 
 Chicago Great Western Rd. Co.,
 
 239 Ill. App., 38, wherein the trial court was held to have committed error by refusing to allow a motion for continuance in a similar situation and proceeding to trial and judgment notwithstanding the pendency of an injunction suit theretofore instituted in the district court of Blackhawk county, Iowa, against both Allen, the claimant, and her attorney, William W. McCallum, in which an injunction had been allowed restraining them from prosecuting an action in Cook county for damages for personal injuries alleged to have been sustained at Waterloo, Iowa, and for which an action was there pending.
 

 The question involved here is one of venue rather
 
 *276
 
 than jurisdiction. The distinction has been clearly established. Jurisdiction connotes the power to hear and decide .a case on its merits, while venue connotes locality, the place where the suit should be heard. Both jurisdiction and venue are prescribed by constitutional or statutory provisions. 67 Corpus Juris, 11, Section 1;
 
 Loftus
 
 v.
 
 Pennsylvania Rd. Co.,
 
 107 Ohio St., 352, 356, 140 N. E., 94.
 

 A very important amendment to our statutory provisions respecting venue was passed in 1919 (108 Ohio Laws, part 1, 49; amended, 109 Ohio Laws, 81) as a result of certain professional or unprofessional practices which had grown to such proportions as to attract legislative attention and induce legislative action. These provisions are embraced in Section 11273, General Code, the pertinent portions of which are as follows:
 

 “An action against * *
 
 *
 
 a railroad company * * * owning or operating a railroad * * * within the state * * * may be brought in any county through or into which such * * * railroad passes or extends; provided that all actions against such * * * company for injuries to person or property, or for wrongful death must be brought in the county in which the cause of action or some part thereof, arose, or in the county in which the claimant for injuries to person or property or one whose wrongful death was caused, resides at the time when the cause of action arose, if the road # * * or any part thereof be located in such county. If no part of such line or road be located in such county, then such actions may be brought in the county in which any part of such road or line is located, nearest the place where the claimant for injuries to person or property or the one whose wrongful death was caused, so resided.”
 

 Under this statute the claimant' could have instituted and maintained her action in the Court of Common Pleas of either Cuyahoga county or Huron county. She is thereby precluded from maintaining her action in any other county in the state. This court, in
 
 *277
 
 the
 
 Loftus case, supra,
 
 followed by
 
 Reeves
 
 v.
 
 Louisville & Nashville Rd. Co,,
 
 124 Ohio St., 657, 181 N. E., 885, held that this statute, as so amended,
 
 “
 
 excludes from the jurisdiction of the state courts of Ohio all causes against the persons and companies therein referred to for injuries to person or property or for wrongful death occurring without the state of Ohio unless such claimant is a resident of this state.”
 

 The very obvious purpose of the statute was to prevent the filing of actions in a court far removed from the place where the cause of action arose, an exception being the provision authorizing the maintenance of the action in the county where the plaintiff resides.
 

 Michigan has a statute similar to our venue statute above referred to. The case of
 
 Pere Marquette Ry. Co.
 
 v.
 
 Slutz,
 
 268 Mich., 388, 256 N. W., 458, involved a situation substantially the same as that presented in the instant case. A resident of Van Burén county, Michigan, through an attorney located in Chicago, instituted an action in Cook county, Illinois, for the recovery of damages for injuries alleged to have been sustained in Benton Harbor, Michigan, by reason of the negligence of the railroad company, a Michigan corporation with the line of its railroad traversing Van Burén county and extending to the city of Chicago, Cook county, Illinois. The court, after announcing that the evident purpose of the statute is to keep the venue of actions against railroads close to the point where witnesses are available, held that it was the duty of the defendant in the injunction case to comply with that statute and sustained the action of the lower court in restraining the prosecution of the action at law in the foreign jurisdiction.
 

 Under the facts disclosed by the record in this case, we are of the opinion that upon principle and authority the Court of Appeals was fully authorized to issue an injunction restraining claimant from maintaining her
 
 *278
 
 action in the Cook county court. Its judgment is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers. and Hart, JJ., concur.