Taft, J.,
 

 dissenting in part. I am in accord with the opinion of the majority so far as it relates to temporary alimony and holds that the writ requested will not issue to require the respondent judge to grant a temporary restraining order.
 

 Although the prayer of relator’s amended petition requests this court to issue a writ requiring respondent
 
 *183
 
 judge to grant such temporary restraining order, it also contains a prayer for general relief. The case is now before this court on demurrer to the amended petition. If its allegations warrant the granting of any relief to relator, the demurrer should be overruled. 25 Ohio Jurisprudence, 1188, Section 252.
 

 In the majority opinion it is stated that the judge exercised his judgment. The order of respondent judge discloses that he refused to exercise the discretion, given him by Section 11996, General Code, to allow a temporary restraining order, solely because (a) he had “neither the right nor the power to enjoin another judge of the same court, nor the court' its.elf, from proceeding with a case properly pending in the court,” and (b) the Court of Appeals had “already passed upon the merits of the case and disposed of the issues between said parties.”
 

 As appears from the amended petition, the relief sought is not an injunction against a judge of the same court or against the court itself but an injunction against individuals restraining them from proceeding in an action before the court. That such an injunction-may be proper is well settled.
 
 New York, C. & St. L. Rd. Co.
 
 v.
 
 Matzinger,
 
 136 Ohio St., 271, 25 N. E. (2d), 349;
 
 Darst
 
 v.
 
 Phillips,
 
 41 Ohio St., 514.
 

 As to the other reason for such refusal given by respondent judge, the amended petition discloses that relator’s husband moved to strike the allegations of relator’s pleading in the partition action, raising the issues which she later sought to raise in her divorce-proceeding as a ground for issuance of the temporary restraining order, as “irrelevant, immaterial and not any defense” to the partition action. The court sustained that motion upon the ground that the allegations were “irrelevant in the suit for partition.” Its judgment and the judgment of the Court of Appeals affirming it established as between the parties-
 
 *184
 
 that the issues raised by those allegations were irrelevant in the partition proceedings. It would seem to follow necessarily that those courts did not pass upon the merits of issues which they held were irrelevant. Instead, their judgments established that those issues were not passed upon.
 

 It would appear, therefore, that the respondent judge refused to exercise his discretion solely for reasons which were erroneous.
 

 We agree with the opinion of the majority when they say it is elementary that, to entitle a relator to a writ of mandamus, the record must disclose affirmatively that there is no plain and adequate remedy in 'the ordinary course of the law.
 

 The amended petition affirmatively discloses that relator has no adequate remedy in the ordinary course of the law. Relator could not appeal unless and until the court dismissed the petition without final hearing, or made a final order or judgment granting or refusing alimony. Section 12002, General Code. The amended petition discloses thht, in the meantime, if the
 
 status quo
 
 is not preserved by issuance of a temporary restraining order, the action which relator’s husband will take will prevent the court from protecting her rights in her home. It is, therefore, no answer to relator’s request for relief to state, as the majority opinion does, that “when the issues of divorce and alimony have reached a final determination * * * relatrix will have the usual remedy of appeal.” Any such remedy will then be too late.
 

 This court cannot direct respondent judge to allow the temporary restraining order; but, if he refused to exercise his discretion to determine whether the restraining order should be allowed and such refusal was based solely upon erroneous grounds and relator has no other adequate remedy at law, this court should direct him to exercise that discretion.
 
 State, ex rel.
 
 
 *185
 

 Tailford,
 
 v.
 
 Bristline, Judge,
 
 96 Ohio St., 581, 119 N. E., 138;
 
 State, ex rel. Smith,
 
 v.
 
 Smith,
 
 69 Ohio St., 196, 68 N. E., 1044; 25 Ohio Jurisprudence, 1144, Section 187; 35 American Jurisprudence, 26, 45, Sections 254, 282.
 

 Zimmerman and Stewart, JJ., concur in the foregoing dissenting opinion.