Turner, J.
 

 Appellant’s first assignment of error is:
 

 “1. The Court of Appeals and the Municipal Court of Columbus, Ohio, erred in holding that said Municipal Court had jurisdiction to try and decide the issues in this case in a forcible entry and detainer case.”
 

 If the foregoing assignment of error be upheld it
 
 *348
 
 will be unnecessary and merely obiter in this case to pass upon the remaining assignments of error.
 

 Section 1558-51, General Code (118 Ohio Laws, 533), provides in part as follows:
 

 “The Municipal Court shall have original civil jurisdiction within the limits of the city of Columbus in the following cases:
 

 “1. In all actions and proceedings of which justices of the peace have or may be given jurisdiction. * * *”
 

 Section 10447, General Code, provides:
 

 “In the manner hereinafter directed, any justice, within his proper county, may inquire as well against those who make unlawful and forcible entry into lands and tenements, and detain them as against those who have a lawful and peaceable entry into lands and tenements unlawfully and by force hold them. If upon such inquiry it be found that an unlawful and forcible entry has been made, and that the lands or tenements are held by force, or that after a lawful entry they are held unlawfully, then such justice shall cause the party complaining to have restitution thereof.”
 

 Section 10452, General Code, provides in part:
 

 ‘ ‘ The summons shall not issue herein until the plaintiff files his complaint in writing with the justice, which shall particularly describe the premises so entered upon and detained * * *.”
 

 A part of the description of the premises contained in the petition in the instant case reads:
 

 “Situated in the county of Franklin, state of Ohio, and Mifflin township, and being a tract of. land * * V’
 

 Section 10223, General Code, provides:
 

 “Unless otherwise directed by law, the jurisdiction of justices of the peace in civil cases, is limited to the township wherein they have been elected, and wherein they reside. No justice of the peace shall hold court outside of the limits of the township for which he was elected. ’ ’
 

 
 *349
 
 Section 10224, General Code, prescribing tbe jurisdiction of the justice of peace, provides in subdivision 5 thereof:
 

 “To try the action of forcible entry and detention or the detention only of real property, except that in Cuyahoga, Mahoning and Franklin counties the jurisdiction and authority of justices in such cases is limited to the township for which they are elected * * *.”
 

 The office of justice of peace ceased to be a constitutional office on January 1, 1913.
 

 Section 1558-93, General Code, provides as follows:
 

 “On and after the first day of January, 1916, the offices of judge and clerk of the police court of the city of Columbus,' and the offices of justice of the peace and constable in and for Montgomery township, Franklin county, shall be and the same are hereby abolished. ’ ’
 

 It follows, therefore, that the Municipal Court of Columbus has no jurisdiction in forcible entry and detainer in this case for the reason that its jurisdiction, if any, is limited to lands and tenements situated within the limits of the city of Columbus.
 

 We are not unmindful of the provisions of Section 1558-542?, General Code, which provides in part as follows :
 

 “The Municipal Court of Columbus shall have jurisdiction within the limits of the county of Franklin: * * *
 

 “d. In all actions and proceedings where one or more defendants reside or are served with summons in the city of Columbus * * *.”
 

 While the word, “jurisdiction,” is used in Section 1558-542?, General Code, it will be quickly seen that subdivision “d” is a venue provision rather than a jurisdictional one. This subdivision should be interpreted as if it read:
 

 “In all actions and proceedings
 
 of which the court has jurisdiction of the subject matter
 
 where one or
 
 *350
 
 more defendants reside or are served with summons in the city of Columbus.”
 

 For instance, if a defendant was served within the limits of the city of Columbus in a mandamus case, or in a breach of contract case where damages in the sum of $10,000 were claimed, or in an equity case where jurisdiction is not specially conferred by another statute, or in a forcible entry and detainer action in respect of premises located in another county, it would readily be recognized that Section 1558-54&, General Code, does not authorize such actions. The only jurisdiction in forcible entry and detainer conferred upon the Municipal Court of Columbus is to be found in Section 1558-51,
 
 supra,
 
 as amended in 118 Ohio Laws, 533. As no justice of the peace has county-wide jurisdiction in Franklin county, neither has the Municipal Court of Columbus. (We are not here concerned with the jurisdiction, if any, of the Municipal Court in a forcible entry and detainer case respecting property located within the limits of the city of Columbus.)
 

 As stated in 24 Ohio Jurisprudence, 344, Section 123:
 

 “The civil jurisdiction of a justice of the peace is inferior and limited, and is conferred solely by statute. Generally any statute conferring jurisdiction upon such a tribunal is strictly construed. The authority conferred cannot be made to extend beyond the plain import of the statute, and should not be extended or expanded by inference. ’ ’
 

 In 40 Ohio Jurisprudence, 1159, Section 2, it is said:
 

 “Jurisdiction must not be confounded with venue. Jurisdiction is the right to hear and determine a cause, but the term is used in the sense of power rather than in the sense of selection of place. * * * Venue signifies the geographic division where a cause shall be tried. Both jurisdiction and venue depend upon constitutional and statutory provisions.”
 

 
 *351
 
 In construing Section 1558-546, General Code, the distinction between transitory actions and actions pertaining to real estate also must be kept in mind. (C£. Section 11268
 
 et seg.,
 
 General Code.) While a personal action may be brought wherever the defendant may be served, that is not true when real estate is the real subject of the action.
 

 While defendant’s president was served with summons within the city of Columbus, we are of the opinion that Section 1558-546, General Code, does not apply to forcible entry and detainer cases. In the instant case the justices of the peace in and for Mifflin township are by statute clothed with jurisdiction.
 

 Therefore, the judgment of the Court of Appeals in this case should be and hereby is reversed.
 

 Judgment reversed.
 

 Hart, Stewart and Taft, JJ., concur.
 

 Weygandt, C. J., and Zimmerman, J., dissent.
 

 Matthias, J., not participating.