## SALVATORE J. GUARNERA v. STATE OF MARYLAND

[No. 209, September Term, 1974.]

*Decided November 21, 1974.*

The cause was argued before THOMPSON, MOORE and LOWE, JJ.

*Arthur D. Condon, Assigned Public Defender,* for appellant.

*Gary Melick, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, James L. Bundy,*

526

*Assistant Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and *John T. Cantu, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Salvatore J. Guarnera, appellant, was convicted of escape by the Circuit Court for Anne Arundel County, Judge Matthew S. Evans presiding. Prior to the escape appellant was legally incarcerated at the Maryland House of Correction in Anne Arundel County; however, the elopement occurred while the appellant was in Baltimore City on a work release program. The only issue on appeal is whether the appellant's contention raises a question of jurisdiction or venue.

Appellant concedes that if the question presented is one of venue, there was a waiver by reason of his failure to raise the issue in the trial court. Md. Rule 725 b. He contends, however, that the question is one of jurisdiction, which under the rule can be raised at any time.

Appellant's contention in that regard is a three-step process. First, he states that the jurisdiction of the Circuit Court for Anne Arundel County is derived from § 20 of Art. IV of the Constitution of Maryland. That section provides that Circuit Courts "shall have and exercise, in the respective counties, all the power, authority and jurisdiction, original and appellate, which the present Circuit Courts of this State now have and exercise, or which may hereafter be prescribed by law."

Appellant's second step is contained in Md. Code, Courts & Judicial Proceedings Article § 1-501 which provides as follows:

> "The circuit courts are the highest common-law and equity courts of record exercising original jurisdiction within the state. Each has full common-law and equity powers and jurisdiction in all civil and criminal cases within its county, and

all the additional powers and jurisdiction conferred by the Constitution and by law, except where by law jurisdiction has been limited or conferred exclusively upon another tribunal."

Appellant's final step is based on Md. Code, Art. 27, § 139 which provides:

"If any offender or person legally detained in the * * * house of correction * * * in this State, shall escape, he shall be guilty of a felony and on conviction thereof by the Criminal Court of Baltimore City or by the circuit court of the county in which the escape takes place, be sentenced to confinement * * * for such additional period * * * as the court may adjudge."

Appellant argues that this section confers sole jurisdiction in the Criminal Court of Baltimore for escapes actually occurring in Baltimore City and that therefore the Circuit Court for Anne Arundel County is without jurisdiction to hear his case under § 1-501 of the Courts and Judicial Proceedings Article.

Thus appellant's precise contention is that this statute places jurisdiction, as opposed to venue, exclusively in the county where the elopement takes place.[1] We do not agree.

At the outset we point out the statute does not address itself to jurisdiction but only to the place where a case is to be tried. The distinction between venue and jurisdiction has been pointed up in many cases. The Court of Appeals in *Urciolo v. State*, 272 Md. 607, 325 A. 2d 878 (1973), discussed jurisdiction:

"The term 'jurisdiction' as applied to criminal courts means the power to inquire into the facts, to apply the law and to declare the punishment for an

---

1. *See*, however, Stewart v. State, 21 Md. App. 346, 319 A. 2d 621, (1974), *cert. granted*, 272 Md. 749, July 26, 1974, in which we held venue under this statute to be either where the institution was located or the elopement occurred.

offense in a regular course of judicial proceedings."
*Id.* at 9.

Regarding general venue principles, this Court stated in
*Stewart v. State, supra* at 348:

> "Venue refers to a particular place or county in
> which a court of appropriate jurisdiction may
> properly hear and determine the case in the first
> instance. 4 Wharton, *Criminal Law and Procedure*
> § 1508, at 15-16 (Anderson ed. 1957, Supp. 1974).
> Simply defined, venue is 'the place of trial.' W.
> Blume, *The Place of Trial of Criminal Causes*, 43
> Mich. L. Rev. 59, 60 (1944)."

Other examples of this distinction can be found in *Cole v.
State*, 232 Md. 111, 194 A. 2d 278 (1963); *Medley v. Warden*,
210 Md. 649, 123 A. 2d 595 (1956); *Kisner v. State*, 209 Md.
524, 122 A. 2d 102 (1956); *Bailey v. State*, 16 Md. App. 83, 294
A. 2d 123 (1972).

The distinction was lucidly pointed out in *Fireproof
Construction, Inc. v. Brennerbell, Inc.*, 152 Ohio State 247, 89
N.E.2d 472 (1945):

> "Jurisdiction must not be confounded with venue.
> Jurisdiction is the right to hear and determine a
> cause, but the term is used in the sense of power
> rather than in the sense of selection of place. . . .
> Venue signifies the geographic division where a
> cause shall be tried." *Id.* at 474.

It is clear to us from the language in Md. Code, Art. 27, §
139, quoted above, that the legislature was simply locating
the geographical division or divisions where escape cases are
to be tried and not in any way defining or limiting the
subject matter of cases which could be tried in the various
courts. We hold that the question presented by appellant is
one of venue, not jurisdiction, and that the appellant waived
his right to object to the venue when he made no timely
objection below. Rule 725 b. As the Court of Appeals stated
in *Kisner v. State, supra* at 527:

"There is nothing new or startling in the proposition that although jurisdiction of the subject matter cannot be conferred by consent, venue or jurisdiction of the person may be waived in a criminal case."

*Judgment affirmed.*