AMERICAN MOTORS CORPORATION ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* HUFFSTUTLER, APPELLEE AND CROSS-APPELLANT.

[Cite as *American Motors Corp. v. Huffstutler*
(1991), 61 Ohio St.3d 343.]

(No. 90–416—Submitted April 10, 1991—Decided August 14, 1991.)

*Rayle & Stearns* and *Max E. Rayle; Crabbe, Brown, Jones, Potts & Schmidt, Charles E. Brown* and *Steven B. Ayers; Mayer, Brown & Platt, Richard A. Salomon, Howard J. Roin, Javier H. Rubinstein* and *Ira J. Belcove; Yates, McLamb & Weyher* and *Joseph W. Yates III,* for appellants and cross-appellees.

*Crandall, Pheils & Wisniewski, David R. Pheils* and *Dale R. Crandall,* for appellee and cross-appellant.

*King & Spalding, Chilton Davis Varner* and *Sean R. Smith,* urging reversal for *amicus curiae,* Product Liability Advisory Council, Inc.

*Porter, Wright, Morris & Arthur* and *Thomas R. Sant; Nancy A. Nord; Bickel & Brewer, Robert P. Cummins* and *Donald K.S. Petersen,* urging reversal for *amicus curiae,* American Corporate Counsel Association.

*John J. Curtin, Jr., Michael E. Tigar, Jerold S. Solovy* and *Barry Levenstam,* urging reversal for *amicus curiae,* American Bar Association.

---

MILLIGAN, J. Our attention in this case is focused primarily upon the propriety of the permanent injunction issued by the trial court. For the following reasons, we reverse the judgment of the court of appeals and reinstate the permanent injunction.

Principles of attorney-client privilege are fully applicable here. Huffstutler was, at minimum, an agent acting on behalf of legal counsel to AMC. As such, Huffstutler is subject to all the legal implications of the attorney-client and attorney work product privileges. *Conforti & Eisele, Inc. v. Div. of Bldg. & Constr.* (1979), 170 N.J.Super. 64, 405 A.2d 487; see, also, *United States v. Kovel* (C.A. 2, 1961), 296 F.2d 918.

" * * * The only practical way to assure that * * * [confidential information is not disclosed] and to preserve public trust in the scrupulous administration of justice is to subject these 'agents' of lawyers to the same disability lawyers have when they leave legal employment with confidential information." *Williams v. Trans World Airlines, Inc.* (W.D.Mo.1984), 588 F.Supp. 1037, 1044.

The attorney-client privilege may be asserted by the client or former client. *General Elec. Co. v. Valeron Corp.* (C.A. 6, 1979), 608 F.2d 265, certiorari denied (1980), 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763. See, also, *Williams v. Trans World Airlines, supra* (where a law firm was disqualified prior to trial because it consulted with a nonlawyer who had previously assisted counsel for the opposing party).

Huffstutler claims the permanent injunction violates his constitutionally protected right of free speech under the First Amendment to the United States Constitution and Section 11, Article I of the Ohio Constitution.

Disclosure of confidential information does not qualify for protection against prior restraint under the First Amendment. *Seattle Times Co. v. Rhinehart* (1984), 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17; *Snepp v. United States* (1980), 444 U.S. 507, 100 S.Ct. 763, 62 L.Ed.2d 704. We have also held "[t]here is no constitutional bar to the issuance of an injunction against unlawful use of confidential business information." *Valco Cincinnati, Inc. v. N & D Machining Serv., Inc.* (1986), 24 Ohio St.3d 41, 48, 24 OBR 83, 89, 492 N.E.2d 814, 820.

Further, as a *quid pro quo* for the privilege of being licensed to practice law, an attorney surrenders a fraction of the right of free speech guaranteed under the First Amendment.

" ' * * * A lawyer belongs to a profession with inherited standards of propriety and honor, which experience has shown necessary in a calling dedicated to the accomplishment of justice. He who would follow that calling must conform to those standards.

" 'Obedience to ethical precepts may require abstention from what in other circumstances might be constitutionally protected speech.' " *Ohio State Bar Assn. v. Mayer* (1978), 54 Ohio St.2d 431, 438–439, 8 O.O.3d 434, 438, 377 N.E.2d 770, 774, quoting *In re Sawyer* (1959), 360 U.S. 622, 646–647, 79 S.Ct. 1376, 1388, 3 L.Ed.2d 1473 (Stewart, J., concurring in the result).

It is the affirmative duty of an attorney to obey the Code of Professional Responsibility, which provides in pertinent part:

" * * * [A] lawyer shall not knowingly:

"(1) Reveal a confidence or secret of his client." DR 4–101(B)(1).

Therefore, an attorney has no right under the First Amendment to the United States Constitution or Section 11, Article I of the Ohio Constitution to disseminate information protected by the attorney-client privilege.

While conceding that some ethical and legal restraint is appropriate, Huffstutler argues that the injunction is overbroad and vague, thus impinging upon First Amendment rights to an unnecessary extent. We disagree. We have held that where confidential information is involved, an injunction "may, in order to do equity, be as broad as reasonably thought necessary" to avert the harm complained of. *Valco Cincinnati, Inc., supra,* 24 Ohio St.3d at 47–48, 24 OBR at 88, 492 N.E.2d at 819–820.

We also find the injunction sufficiently specific to put the enjoined party on notice of that which is prohibited.

Huffstutler also argues that the injunction would "gag" employees so as "to prevent possible discovery of alleged criminal and illegal conduct by Jeep relating to the production of the Jeep C.J. vehicle * * * and to conceal discoverable information from victims injured thereby who have named Jeep as a party defendant." We reject this "whistle blower" claim as it is simply unsupported by the record.

Next, Huffstutler argues that the court of appeals was correct in concluding that AMC had an adequate remedy at law. He argues that AMC can be protected on a case-by-case basis, if his testimony would violate attorney-client privilege or divulge trade secrets, in that each trial court could prohibit such testimony. In fact, at least five other state and federal courts have found a privilege to exist and denied Huffstutler's right to testify, issued protective orders prohibiting discovery of privileged materials, or otherwise acted to prevent the use of confidential information obtained from Huffstutler.[1]

The attorney-client privilege reaches far beyond a proscription against testimonial speech. The privilege protects against any dissemination of information obtained in the confidential relationship. Thus, allowing consultation and discussion (even without testifying) of privileged information would effectively emasculate the privilege. *Conforti & Eisele, Inc., supra.*

In order to protect the attorney-client and work product privilege, injunctive relief is appropriate, particularly where, as here, it is demonstrated that the former employee-attorney has already violated the privilege and threatens to continue such practice. *Id.;* see, also, *Valco Cincinnati, supra; Snepp, supra.*

Finally, Huffstutler argues that the injunction would be virtually impossible to enforce, particularly outside the trial court's jurisdiction. We disagree. The Wood County Court of Common Pleas, having *in personam* continuing jurisdiction over Huffstutler, can continue to exercise supervisory authority over his compliance with the injunction. See *New York, Chicago & St. Louis RR. Co. v. Matzinger* (1940), 136 Ohio St. 271, 16 O.O. 375, 25 N.E.2d 349.

In his cross-appeal, Huffstutler claims that the trial court erred in entering summary judgment for AMC on his counterclaim alleging willful, malicious and illegal interference with contracts between Huffstutler and third parties. Because we conclude that the trial court did not err in determining the merit issues in favor of AMC and in granting a permanent injunction, there is no

---

1.  *Goldston v. American Motors Corp.* (N.C.Super. Apr. 21, 1989), No. 84 CVS 1327; *Jacobs v. American Motors Corp.* (W.D.Mo. Feb. 20, 1990), No. 89–0518–CV–W–5, 1989 WL 200920; *Hull v. Jeep Eagle Corp.* (D.S.C. Sept. 13, 1989), No. 3:89–161–16; *Matthews v. Jeep Eagle Corp.* (Fla.Dis.Ct. 1, Oct. 30, 1989), No. 88–6120–CA–01; *Perry v. Jeep Eagle Corp.* (S.D.Ind. Aug. 24, 1989), No. IP 88–685–C, 1989 WL 118750.

"business right" upon which Huffstutler could premise a claim of tortious injury or deprivation. *Donald G. Culp Co. v. Reliable Stores Corp.* (1983), 14 Ohio App.3d 161, 14 OBR 178, 470 N.E.2d 193; *Juhasz v. Quick Shops, Inc.* (1977), 55 Ohio App.2d 51, 9 O.O.3d 216, 379 N.E.2d 235.

The judgment of the Wood County Court of Appeals is affirmed in part and reversed in part, the permanent injunction issued by the common pleas court is reinstated, and the cause is remanded to said court for further proceedings according to law, including the exercise of continuing jurisdiction in connection with the permanent injunction.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and CACIOPPO, JJ., concur.

JOHN R. MILLIGAN, J., of the Fifth Appellate District, sitting for H. BROWN, J.

MARY CACIOPPO, J., of the Ninth Appellate District, sitting for RESNICK, J.