EDWARDS, Appellant,

v.

BUCKLEY, Appellee.

[Cite as *Edwards v. Buckley* (1995), 106 Ohio App.3d 800.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68504.

Decided Oct. 16, 1995.

*Joseph R. Compoli, Jr.* and *James R. Goodluck,* for appellant.

*Betty D. Montgomery,* Attorney General; *Kahn, Kleinman, Yanowitz & Arnson Co., L.P.A.,* and *Robert J. Valerian,* for appellee.

JAMES D. SWEENEY, Presiding Judge.

Plaintiff-appellant, Karen L. Edwards, appeals from the trial court's orders denying her motion for summary judgment and granting summary judgment to defendant-appellee, attorney Nancy C. Buckley, chief legal counsel for Cleveland State University ("CSU"). The appellant filed this action both under the United States Constitution and Section 1983, Title 42, U.S.Code. The complaint alleges that Buckley, in her personal capacity, breached appellant's First Amendment rights when she terminated appellant's employment as a law clerk in the Office of Legal Counsel at CSU.

From approximately October 1991 to January 1992, the appellant, a student at the Cleveland Marshall College of Law at CSU, was employed as a law clerk in the Office of Legal Counsel for the university. During much of her employment in the Office of Legal Counsel, the appellant also acted as a reporter for both the Cauldron, the campus newspaper at CSU, and for the Gavel, the law school newspaper.

Upon learning of her dual employment, the appellee informed the appellant that she must choose between the two. The appellant requested, and was granted, permission to publish her final article, but was informed that her byline must not appear with the article. Although the appellant agreed to this condition, the published article carried the byline. Thereafter the appellant was terminated from her position in the Office of Legal Counsel.

In her affidavit attached to her motion for summary judgment, the appellant affirmed that when she was hired there were no discussions regarding extracurricular activities posing possible conflicts of interest; that she had no policy-making authority, no discretionary powers and no decisionmaking abilities in her position with the legal office; that during her employment she published articles in the Gavel with her byline; that copies were regularly brought into the office; that nothing was said about her reporting; that she requested information from Buckley about graduation, stating she needed the information for the Cauldron and Buckley raised no objection; and that at no time did she work on assignments in the legal office which pertained to her articles in the Cauldron and the Gavel.

The appellant also stated that she investigated the Legionnaire's Disease scare at the law school for the Cauldron after The Plain Dealer had already published an article on this subject. During her investigation the appellant telephoned the CSU public relations officer, Edward Mayer. When Mayer learned she was employed by the legal office he raised the issue with Buckley, who then notified appellant that in order to retain her position with the legal office she must cease her activities with the newspapers.

In her affidavit attached to the brief in opposition to the appellee's motion for summary judgment, the appellant included a few additional facts. She affirmed that she had no access to confidential or secret information possessed by the Legal Office, nor was she ever given such confidential or secret documents; that she was never told any secrets or confidences of a client; that when she was given a research project she was never told or given specific or identifiable details of cases, claims, plaintiffs, defendants, claimants or respondents, officials, employees, students, faculty or departments; and that her involvement with the newspapers was not secret or hidden. The appellant stated that she advised the editors of the Cauldron in writing that she did not wish her byline to be printed on the

Legionnaire's Disease article, but for reasons unknown to her these instructions were disregarded.

Also attached to the appellant's brief in opposition to the appellee's motion for summary judgment is an affidavit of an expert on legal ethics. The expert opined that no conflict of interest exists between employment in the Office of Legal Counsel and reporting for the campus newspapers.

The appellee affirmed that she first learned of the appellant's dual employment from Edward Mayer, Assistant to the Vice President for University Relations. Mayer informed the appellee that he had been contacted by the appellant as a reporter, but that the Office of Legal Counsel telephone number had been given. A similar incident was reported by Andrea Schmidt, the Nursing Coordinator of Health Services, who, because of the telephone number, had assumed that the appellee was contacting her on behalf of the Office of Legal Counsel.

The appellant asserts the following two assignments of error:

"The lower court erred in overruling plaintiff-appellant's motion for partial summary judgment, since there was no genuine issue of material fact in dispute, and plaintiff-appellant was entitled to judgment in her favor as a matter of law.

"The lower court erred in granting defendant-appellee's motion for summary judgment, since there was insufficient evidence to support said motion, and defendant-appellee was not entitled to judgment as a matter of law."

The appellant argues that the trial court erred both in denying her motion for summary judgment and in granting the appellee's motion for summary judgment. The appellant asserts that the appellee violated her right to freedom of speech as guaranteed under Section 1983, Title 42, U.S.Code. As a nonpolicymaking public employee, the appellant posits that she was exercising her right to speak on a public issue, and that the appellee was therefore prohibited from discharging her. The appellant also asserts that the appellee was not protected by qualified immunity and that there is no inherent conflict between employment in the University Office of Legal Counsel and accepting assignments as a reporter for the student newspaper. Lastly, the appellant argues that she did not interfere with the regular operation of the Office of Legal Counsel, and that her right to free speech outweighs any concern for the efficient functioning of an office.

█ Under Civ.R. 56, summary judgment is proper when there is no genuine issue as to any material fact remaining to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. *Leibreich v. A.J. Refrigeration, Inc.* (1993), 67 Ohio St.3d 266, 617 N.E.2d 1068. The principal function of Civ.R. 56(E) is to enable movement beyond allegations in the pleadings, and to analyze the evidence so as to ascertain whether an actual need for a trial exists. Summary judgment may be granted when there is no material issue of fact, and the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

The appellant alleges a violation of Section 1983, Title 42, U.S.Code, which states in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State * * *, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress * * *."

As the appellant correctly asserts, a public employee may not be discharged for exercising the constitutional right of free speech on an issue of public concern. *Rankin v. McPherson* (1987), 483 U.S. 378, 107 S.Ct. 2891, 97 L.Ed.2d 315. The interests of the employee, as a citizen, in commenting upon matters of public concern and the interests of the state, as an employer, in promoting the efficiency of the public service it performs, must be balanced. *Pickering v. Twp. High School Dist. 205 Bd. of Edn.* (1968), 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811.

The United States Supreme Court has also held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald* (1982), 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396.

The Supreme Court expounded on the concept of qualified immunity in *Anderson v. Creighton* (1987), 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523. The court held that whether a public official is protected from liability turns on the objective legal reasonableness of the action, assessed in the light of legal rules that were clearly established at the time the action was taken. The court specifically held that the right the official is alleged to have violated must have been "clearly established" in a particularized and relevant sense: the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates the right. In light of preexisting law, the

unlawfulness of the official's action must be apparent. Further, the court makes clear that it is not the subjective beliefs of the official which are relevant.

In the case *sub judice,* a determination of the objective legal reasonableness of the appellee's actions must take into consideration the fact that the appellee has an affirmative duty to obey the Code of Professional Responsibility. *Am. Motors Corp. v. Huffstutler* (1991), 61 Ohio St.3d 343, 575 N.E.2d 116. As an attorney the appellee is bound by Canon 4, which states that a lawyer may not knowingly reveal a confidence or secret of a client. And as DR 4–101(D) makes clear, an attorney must exercise reasonable care to prevent his employees from disclosing or using the confidences and secrets of a client.

The Ohio Supreme Court has held that the attorney-client privilege is so strong that it prevails over the right of free speech. In *Am. Motors Corp., supra,* the court held that an agent acting on behalf of legal counsel is subject to all the legal implications of the attorney-client privilege and attorney work privileges. The court stated:

"Further, as a *quid pro quo* for the privilege of being licensed to practice law, an attorney surrenders a fraction of the right of free speech guaranteed under the First Amendment.

" ' " * * * A lawyer belongs to a profession with inherited standards of propriety and honor, which experience has shown necessary in a calling dedicated to the accomplishment of justice. He who would follow that calling must conform to those standards.

" ' " 'Obedience to ethical precepts may require abstention from what in other circumstances might be constitutionally protected speech." ' *Ohio State Bar Assn. v. Mayer* (1978), 54 Ohio St.2d 431, 438–439, 8 O.O.3d 434, 438, 377 N.E.2d 770, 774, quoting *In re Sawyer* (1959), 360 U.S. 622, 646–647, 79 S.Ct. 1376, 1388, 3 L.Ed.2d 1473 (Stewart, J., concurring in the result)." *Am. Motors Corp., supra,* 61 Ohio St.3d at 347, 575 N.E.2d at 120.

This court must conclude, in light of the preexisting law, that the actions of the appellee were objectively reasonable. Although the appellant contends that she was given no confidential or secret information, it is not possible for her to make that assessment. The disclosure of an issue to be researched by a law clerk on behalf of a client in and of itself may be a disclosure to that clerk of confidential information. It is untenable to place an attorney in the position of having an employee on staff who so closely aids the attorney in representing the client and yet investigates for the public the very same client.

Finally, it must be noted that the motions for summary judgment presented to the trial court argue only the issue of whether the appellant's rights were violated under Section 1983, Title 42, U.S.Code. The appellant's separate claims under

the United States Constitution have not been determined. Since the trial court held that there was no just reason to delay, this court has jurisdiction to consider the appellant's assignments of error.

The appellant's assignments of error are overruled.

*Judgment affirmed.*

HARPER and CORRIGAN, JJ., concur.

JOHN V. CORRIGAN, J., retired, of the Eighth District Court of Appeals, sitting by assignment.