Appellant Jim Jarvis appeals the Cleveland Municipal Court's denial of his pretrial motion to change venue and its ruling in favor of appellees Ralph Williams, Kenneth Williams, and Dale Hughes. Appellant claims he hired appellees to perform a contract to install synthetic stucco in a home he built in Ravenna Township, Portage County. Appellees are general contractors and residents of Cleveland who claim that they performed and completed the work, and appellant owes them $7,620. The trial court entered judgment for the appellees in that amount. Appellant challenges the trial court's jurisdiction and its judgment and assigns the following errors for our review:
 I. THE COURT COMMITTED ERROR IN OVERRULING THE MOTION OF DEFENDANT FOR CHANGE OF VENUE AND/OR DISMISSAL FOR LACK OF JURISDICTION.
 II. THE COURT COMMITTED ERROR WHEN IT FOUND THAT THE PARTIES HAD ENTERED INTO A FIXED AMOUNT FOR THEIR ORAL CONTRACT.
 III. THE COURT COMMITTED ERROR WHEN IT FOUND THAT PLAINTIFFS HAVE LIMITED EXPERIENCE REGARDING THE INSTALLATION OF SPECIALIZED STUCCO.
 IV. THE COURT COMMITTED ERROR WHEN IT FOUND THAT PLAINTIFFS HAD SUBSTANTIALLY PERFORMED UNDER THE CONTRACT.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the Cleveland Municipal Court. The apposite facts follow.
Appellees sued appellant in Cleveland Municipal Court for $7,620 owed to them for services performed in the installation of stucco at appellant's Ravenna Township home. Appellant moved to dismiss the action claiming Portage County is the proper venue for this action. The trial court without opinion denied his motion, and appellant submitted his answer and counterclaim. A Magistrate tried the matter and issued findings of fact and conclusions of law on April 13, 1998, and the trial court issued its final judgment entry on April 23, 1998. The docket showed that appellant did not file objections to the Magistrate's report.
The Magistrate found at the end of trial that the appellant hired appellees to install stucco in his home on an oral contract for a $7,620 price. Appellant purchased the materials and supplies and directed the work performed. Appellant had the specific instructions for the application of synthetic stucco but failed to inform appellees.
Appellees, however, completed the work after five weeks and appellant refused to pay them. The Magistrate found it undisputed that certain areas of the stucco had structural problems.
Appellant knew that the appellees had limited experience regarding the installation of the product, but hired them regardless. The market price for this type of job was estimated at $30,000. Appellant's expert testified that this material required specialized application and only qualified persons could purchase the product. Appellant, an architect and builder, purchased the material and supervised the work.
The Magistrate concluded under these circumstances, appellees substantially performed the contract and deserved to be paid the contracted price. Because appellant supervised the work, the Magistrate ruled against his counterclaim for unworkmanlike performance. The Magistrate concluded appellant contracted for the cost of $7,620 on an admittedly high price job of $30,000. Consequently, the Magistrate held he received the benefit of his bargain.
In his first assigned error, appellant alleges that the Municipal Court for the City of Cleveland did not have subject matter jurisdiction to hear the case and it was not the proper venue. Appellant has misinterpreted the distinction between jurisdiction and venue. Subject matter jurisdiction and venue are very clearly explained in Brooks v. Hurst Buick-Pontiac-Olds-GMC,Inc. (1985), 23 Ohio App.3d 85, 88:
 `[A]ppellant misconceives the nature of municipal court subject-matter jurisdiction and how the Rules of Civil Procedure operate within the limits imposed upon that jurisdiction by the General Assembly.
* * *
 `Subject-matter jurisdiction of Ohio municipal courts is created and defined by R.C. 1901.18, which provides, inter alia, that "a municipal court has original jurisdiction within its territory * * * (C) in any action at law based on contract * * * The monetary limit on the instant action is provided by R.C. 1901.17 * * *. In the case at bar, the parties entered into a contract by which appellant bought certain equipment, * * * giving his promissory note for $1,450. Upon his failure to make payments on the note, an action was commenced by appellees, seeking a judgment for money only. This is the type of action which R.C. 1901.18(C) and R.C. 1901.17
encompass. For purposes of those sections, every municipal court in the state would have subject-matter jurisdiction of such an action.'
(Emphasis in original.)
Id. at 88, quoting Morrison v. Steiner (1972), 32 Ohio St.2d 86. The Municipal Court for the City of Cleveland is granted subject matter jurisdiction under R.C. 1901.18(A)(3), which states the court has original jurisdiction within its territory over:
 [A]ny action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract.
As Brooks makes apparent, all municipal courts within the state have the authority to hear contractual disputes involving claims for money. The question now becomes one of venue. "[V]enue connotes the locality where the suit should be heard." Morrisonv. Steiner (1972), 32 Ohio St.2d 86, 87 citing FireproofConstruction v. Benner-Bell (1949), 152 Ohio St. 347; Chicago St. Louis Rd. Co. v. Matziner (1940), 136 Ohio St. 271, Loftus v.Pennsylvania Rd. Co. (1923) 107 Ohio St. 352. The question is whether the dispute can be linked to the territorial boundaries of the City of Cleveland. "In failing to mention R.C. 1901.02, when the Supreme Court in Morrison discussed subject matter jurisdiction, it is clear that the court considered that section to be a venue (procedural) section despite the language therein about "territorial jurisdiction.'"[1] Brooks at 88.
"Venue is proper when the plaintiff chooses a court located in any county described in the first nine provisions of Civ.R. 3(B)." Soloman v. Excel Marketing, Inc. (1996), 114 Ohio App.3d 20,25. Civil Rule 3(B) provides nine bases for establishing venue. They are in pertinent part:
1. The county in which the defendant resides;
 2. The county in which the defendant has his business;
 3. A county in which the defendant conducted activity that gave rise to the claim for relief;
* * *
 5. A county in which the property, or any part of the property, is situated if the subject of the action is real property or tangible personal property;
 6. The county in which all or part of the claim for relief arose; * * *
"Plaintiff has a choice where the action will be brought if any of the counties specified in [Civ.R.]3 (B)(1) through (9) are a proper forum under the facts of the case." Soloman, supra, citingVarketta v. Gen. Motors Corp. (1973), 34 Ohio App.2d 1, 6. Appellant contends that because he is a resident of Ravenna, the contract was entered into in Ravenna, the plaintiffs performed the work in Ravenna, Cleveland is not the proper venue for this action.
However, this suit is an action for the payment of money owed under a contract. This court has previously ruled that, in suits regarding the payment of money, venue is proper in the location where the money is to be paid. "[W]hen payments are due on a contract, an action may be venued at the place the payments are due." Society Nat. Bank v. Williams (Oct. 9, 1997), Cuyahoga App. No. 71448, unreported, 3, citing Cf. Lorenz Equipment Co. v.Ultra Builders, Inc. (Feb. 23, 1993), Franklin App. No. 92AP-1445, unreported. These rulings were based on Civ.R. 3(B)(6), which provides that proper venue lies in any county "in which all or part of the claim for relief arouse." Soloman at 25. "Money due on a contract results in a breach of that contract at the place where the money was to be paid and that, absent an express agreement to the contrary, proper venue is presumed to lie in the county in which the payee's place of business is located. Id. at 26, citing Lorenz Equip. Co. v. Ultra Builders,Inc. (Feb. 23, 1993), Franklin App. No. 92AP-1445, unreported;Janet's Reporting Video Serv. v. Rauchman (May 29, 1990), Butler App. No. CA89-10-150, unreported; Thompson v. G DTransport, Inc. (Aug. 22, 1989), Gallia App. No. 88-CA-12, unreported.
The record discloses that the appellee's place of business was Cleveland. The record contains two photostatic copies of appellee Dale Hughes' identification cards and his union card, which shows his address in Cleveland. Appellant corresponded with Hughes regarding the problems with the work in a letter addressed to Hughes in Cleveland. We conclude that the proper venue is appellees' place of business because the record is devoid of an express agreement to the contrary.
The appellant has waived the remaining assigned errors for failure to file an objection under Civ.R. 53(E)(3)(b) to the Magistrate's report. See Aurora v. Sea Lakes, Inc. (1995),105 Ohio App.3d 60, 66, appealed dismissed (1995), 74 Ohio St.3d 1462;Zumock v. Zumock (Sept. 26, 1997), Portage App. No. 96-P-0180, unreported; In re Angela Nicole Davis (Oct. 30, 1996), Summit App. No. 17726, unreported; Sagen v. Thrower (April 8, 1999), Cuyahoga App. No. 73954, unreported.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J., and PATTON, J., CONCUR.
 ________________________________ PATRICIA ANN BLACKMON, JUDGE
[1] Cases have found that this language does not refer to venue, but instead refers to jurisdiction. Appellant has citedBlue Cross Blue Shield of Ohio v. Witwer (March 6, 1997), Cuyahoga County App. No. 70792, unreported and Thomas v. HolidayInn of Lima (1992), 62 Ohio Misc.2d 487 for this proposition. The ruling in Blue Cross Blue Shield must be limited to its facts. The only tie the plaintiff established to the City of Cleveland, where the claim was filed, was that the defendant's attorney, whose offices were located in the City of Cleveland, failed to forward a check to the plaintiff from his Cleveland office. The court stated "[t]hese facts alone do not vest the Cleveland Municipal Court with jurisdiction over Witwer or the subject matter of the controversy." Blue Cross Blue Shield, supra at 2.
In Holiday Inn of Lima, the court criticizes the holding in Brooks and the line of cases it cites and interprets. (SeeMorrison v. Steiner (1972), 32 Ohio St.2d 86, 87 citing FireproofConstruction v. Benner-Bell (1949), 152 Ohio St. 347; Chicago St. Louis Rd. Co. v. Matziner (1940), 136 Ohio St. 271, Loftus v.Pennsylvania Rd. Co. (1923) 107 Ohio St. 352.) However, as these are Ohio Supreme Court cases, this court will follow their guidance in interpreting this issue.