OPINION
An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision.Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
The City of Brook Park (hereafter Brook Park) filed a petition or appropriation against Brook Park Community Urban Redevelopment Corporation; Park Corporation; Ray Park; James Rokakis, Cuyahoga County Treasurer; and, Frank Russo, Cuyahoga County Auditor. Brook Park sought to appropriate certain lands for public use. On January 14, 1998, subsequent to a sale and lease-back of the real estate described in the complaint, ownership of the I-X center was transferred from the Park Corporation to the City of Cleveland. The Brook Park Community Urban Redevelopment Corporation sought to add Cleveland and the I-X Center Corporation as defendants. The court granted the motion and granted leave for Cleveland to file an answer instanter. Cleveland filed an answer and counterclaim seeking both an injunction and a declaratory judgment.
Although not required in the context of an accelerated appeal, additional procedural background information is helpful in understanding the proceedings below. On May 18, 1999, Cleveland filed a "motion to place documents under seal and to hold proceedings in-camera." In the motion, Cleveland informed the court of its intent to file a motion to disqualify Mansour, Gavin, Gerlack and Manos Co., L.P.A. (hereafter Mansour, Gavin or the firm), the attorneys for Brook Park. Cleveland requested that certain documents be filed or placed under seal. This list included all motions, briefs, exhibits, affidavits, and other documents filed in connection with a motion to disqualify; and any transcript of a hearing or proceeding held on the motion to disqualify. Cleveland also requested that the court hold in-camera
any hearing or proceeding in connection with a motion to disqualify with only the lawyers present. Finally, Cleveland requested that the court order Mansour, Gavin not to share with its client Brook Park either the contents of any document placed under seal or any hearing held in-camera.
Mansour, Gavin chose to respond in the first person in a brief filed March 25, 1999.[1] The firm asserts that Cleveland is prohibited from keeping confidences from the public and therefore there is no confidential information; that Brook Park filed the action when Cleveland was not a party; that any representational agreement between the firm and Cleveland was under the condition that the firm may still represent other clients; that the firm has not represented Cleveland in any significant manner in the last year; that the firm has only provided Cleveland with opinions regarding the status of the law which does not constitute confidential information; and that the firm resents Cleveland's attempt to disqualify them.
On April 1, 1999, Cleveland filed a reply brief explaining that it filed the motion to seal requesting a protective order so that confidential information would be protected when it filed its motion to disqualify. Cleveland asserted that it was not concealing information, but rather was seeking to maintain the confidentiality of privileged information. Cleveland states that it is a current client of the firm; that there are confidences that the firm must keep; that Cleveland refuses to waive the attorney-client privilege; and, that the firm should not consider itself the real party in interest. Cleveland states that the Supreme Court held in State ex rel. Nix v. Cleveland (1998), 83 Ohio St.3d 379, that records of communications between attorneys and their government clients pertaining to legal advice are exempt from the Public Records Act because the release of such documents is prohibited by the attorney-client privilege.
On May 11, 1999, Cleveland filed a modified motion to seal. In this motion, Cleveland placed a limit on its request that documents be sealed. Cleveland requested that only those portions of documents containing confidential material be sealed and that everything else regarding any proceeding on a motion to disqualify remain public. Cleveland renewed its request for an in-camera
inspection so that the court could confirm that the documents contained confidential information. On May 14, 1999, the trial court issued an order denying the modified motion to seal. Specifically, the court stated: "The Court further finds that an order on the Modified Motion to Seal would be tantamount to the issuance of an advisory opinion in that a Motion to Disqualify Counsel for Plaintiff has not been filed."
On May 12, 1999, Cleveland filed a motion for protective order regarding privileged materials. This motion was filed pursuant to Civ.R. 26(C) and requested that the firm and others acting in concert with the firm, specifically, Cutler Stanfield L.L.P. and David Lambros, Director of Law for Brook Park, be forbidden from disclosing, disseminating, and/or testifying about any privileged and confidential communications, both oral and written, that occurred in the attorney-client relationship between Mansour, Gavin and Cleveland. Further, Cleveland requested that the court order: 1) the return of all confidential and privileged documents which arose out of the long-standing attorney-client relationship between the firm and Cleveland, including all confidential client files; 2) the return of correspondence related to the issue of the firm's withdrawal/disqualification as counsel for Brook Park; and, 3) that the firm take necessary steps to adhere to its legal obligation to keep the confidences of its client, Cleveland.
In the motion, Cleveland asserted that Mansour, Gavin had already disseminated one privileged and confidential document. Cleveland stated that the firm has sent a copy to Brook Park of Cleveland's letter to Mansour, Gavin regarding disqualification. Cleveland asserts that this letter was privileged. Cleveland argued that a protective order is the appropriate mechanism by which to force the firm to keep the confidences of its client, Cleveland. Cleveland also asserts that an in-camera inspection by the court is proper under the circumstances. Cleveland cited toAmerican Motors Corp. v. Huffstutler (1991), 61 Ohio St.3d 343 for the proposition that an attorney has no right under the First Amendment to disseminate information protected by the attorney-client privilege. In order to protect the attorney-client and work-product privilege, injunctive relief is appropriate. Id. at syllabus 2. Cleveland stated that the right to injunctive relief is a harsher remedy than that of a request for a protective order. Additionally, Cleveland stated that a court's ruling on privilege is subject to an immediate appeal pursuant to R.C. 2505.02. Stateex rel. Herdman v. Watson (1998), 83 Ohio St.3d 537.
On May 25, 1999, the firm filed its brief in opposition to the motion for protective order and asserted that a Civ.R. 26(C) motion for protective order is not appropriate because there are no discovery issues before the court. The firm also argues that Cleveland has failed to specify which documents it believes are confidential and privileged. The firm essentially maintains that the letter to it from Cleveland regarding disqualification contains no privileged information and that, in sending a copy of the letter to Brook Park, the firm merely notified Brook Park of Cleveland's demands.
A reply brief for the motion for protective order was filed by Cleveland on June 1, 1999.
On June 15, 1999, the Probate Court trial judge held a hearing on Cleveland's motion for a protective order. On June 18, 1999, the trial court issued its order. The court held:
 This matter is before the Court on a Motion for Protective Order Regarding Privileged Materials filed May 12, 1999, by Steven S. Kaufman, Attorney for Defendant City of Cleveland.
The Court finds that the Motion is not well taken.
 The Court finds that the Ohio Code of Professional Responsibility prohibits lawyers from revealing confidential information about clients DR 4-101; this duty to preserve confidential information continues after the attorney client relationship ends. EC 4-6.
 The Court further finds that Defendant City of Cleveland has not designated which documents it seeks to have returned; Defendant City of Cleveland states in its Motion that it is seeking the return of "all confidential and privileged documents which arise out of the attorney-client relationship with Mansour, Gavin and the City of Cleveland."
 The Court further finds that the statement purported by Defendant City of Cleveland to be a privileged communication, specifically Plaintiff's Brief in Opposition to the Motion of the City of Cleveland to Conceal at page 3, filed with this Court on March 25, 1999, is merely a statement of law and thus in and of itself does not warrant protection as a privileged and confidential communication.
 The Court further finds that Defendant City of Cleveland has not proven that Mansour, Gavin, Gerlack Manos have disclosed, disseminated, and/or testified about any privileged and confidential communications that occurred in the attorney-client relationship between Mansour, Gavin and the City of Cleveland.
 The Court further finds that the case of Centimark Corporation v. Brown Sprinkler Service, Inc. (1993), 85 Ohio App.3d 485 is distinguishable from the case herein; the issue of preservation of confidential matters was before the Centimark court on a motion to disqualify counsel, not a Civil Rule 26(C) motion for a protective order as is the case here.
 Therefore it is ORDERED that the Motion for Protective Order Regarding Privileged materials is OVERRULED.
(Emphasis original.)[2]
The City of Cleveland filed this appeal on July 16, 1999. A motion to dismiss the appeal for lack of a final appealable order was filed by the appellee and referred to this panel for decision. This court will first settle the question of jurisdiction.
The legislature has defined the parameters of a final order in R.C. 2505.02, which states in pertinent part:
(A) As used in this section:
* * *
 (3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
* * *
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
This court notes that under the statute, rulings on preliminary injunctions are considered final orders. The appellants did not request injunctive relief. The Supreme Court has held that a ruling on a motion to disqualify counsel is a final appealable order. Kala v. Aluminum Smelting Refining Co., Inc.
(1998), 81 Ohio St.3d 1. The appellant did not request that the appellee's counsel be disqualified. An appellate court reviews cases based upon records compiled in lower courts and upon issues raised in trial courts. Ratchford v. Proprietors' Inc. (1989),47 Ohio St.3d 1. It is both unfair and inappropriate on appeal to decide a case on an issue that the non prevailing party has not had an opportunity to refute by introducing evidence or argument. Id.
at 4. This court may not review issues the parties failed to raise in the court below.
The appellant chose to frame its argument regarding its confidential documents/communications before the trial court in the form of a motion for a protective order under Civ.R. 26(C). Thus, the question before this court is whether or not a final order has been rendered by way of a ruling on the motion for protective order filed pursuant to Civ.R. 26(C), wherein a party seeks protection from the disclosure of confidences/documents, arguably subject to the attorney-client privilege, from its own attorneys who currently represent an opponent in ongoing litigation. More succinctly, has a final order been rendered by the court where Cleveland utilized the discovery process in order to recover its own confidences/documents from its attorney who now represents Brook Park.
Civ.R. 26(B) outlines the scope of discovery. Civ.R. 26(B)(1) states in part:
 (1) In general. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. (Bolded italics added.)
A plain reading of this rule indicates that the scope of discovery is limited to issues relevant to the subject matter of the litigation, either claims or defenses. In the case sub judice, the appellant placed before the trial court a discovery motion seeking protection from the disclosure of information/communications which were not relevant to the subject matter involved in the pending action. The appellant was not seeking protection from any request by Brook Park for discovery of privileged documents, nor was it seeking protection from any improper request by Brook Park's attorneys. R.C. 2505.02 permits an appeal on issues of discovery of privileged matter, but here the appellant was seeking to protect its own privileged information, not information properly subject to discovery. While there are methods of obtaining the appellant's objectives, the appellant failed to properly place its request before the trial court.
We wish to make abundantly clear to the litigants that this court is unequivocally refraining from considering the underlying argument presented by Cleveland, i.e., whether or not the firm of Mansour, Gavin either has or will disseminate to Brook Park confidential privileged information belonging to Cleveland. This court makes no finding on the issue of the ethical duties viz, the firm and Cleveland. Finally, this court makes no finding as to whether or not the trial court should hold an in-camera inspection or seal records/documents. This court ruling solely determines that Cleveland may not use discovery as a mechanism by which to obtain the return of its own privileged information from its attorneys in the context of this lawsuit.
Since no final appealable order is before this court, the appellee's motion to dismiss is well taken.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
LEO SPELLACY, P.J., and KENNETH A. ROCCO, J. CONCUR.
 _________________________________ JAMES D. SWEENEY JUDGE
[1] Despite their not being a party, Mansour, Gavin has continued to file briefs in the first person throughout this litigation.
[2] This court notes as well that this order lacks finality as it does not meet the requirements of Civ.R. 54(B). Denham v. NewCarlisle (1999), 86 Ohio St.3d 594. However, to promote judicial economy, rather than return this case to the court below so that the appropriate language may be added, this court has chosen to continue its analysis under R.C. 2505.02.