DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, Probate Division, granting a motion to dismiss to appellees Donald M. Farley, et al.
 {¶ 2} Joseph R. Okos died testate on September 1, 2002. He had no surviving spouse. He is survived by three children: appellees Joseph E. Okos, Rachel L. Szykowny, and Amy L. Okos. Appellant, Robert Bugg, alleges he is also a child of decedent, born out of wedlock. Decedent's will was admitted to probate. Appellee Donald M. Farley was appointed executor of decedent's estate. Decedent's will left his entire estate to his son, Joseph E. Okos.
 {¶ 3} Appellant filed a complaint on January 17, 2003, against appellees Farley, Joseph E. Okos, Szykowny, Amy L. Okos and Dawn M. Okos to contest the will. Appellant alleged he was a beneficiary under a subsequent will and next of kin of the decedent. Appellees responded with a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. Appellees argued that appellant was not an interested party under R.C. 2107.71, because an illegitimate child does not have a direct pecuniary interest in the estate of the decedent. Therefore, appellees contend, appellant lacked standing to contest the will.
 {¶ 4} On May 28, 2003, appellant filed an amended complaint with an attached document he alleged to be a prior will naming him as a beneficiary.[1] This document was handwritten. It did not name an executor, was not signed by the decedent, and it was not attested by witnesses.
 {¶ 5} Appellees again moved to dismiss the amended complaint for lack of standing because appellant had not been legitimized during the life of the decedent. They also argued, and the Probate Court ruled, that appellant had failed to make a prima facie case as to the validity of the document attached to the amended complaint, because it was neither executed nor attested. Since appellant had failed to make a case that he was a beneficiary under a prior valid will, the trial court ruled he had not established himself as an interested party who had standing to contest the will. The trial court granted appellees' motion to dismiss. This appeal followed.
 {¶ 6} In a single assignment of error, appellant asserts that the dismissal of his will contest for want of standing is erroneous.
 {¶ 7} A motion to dismiss for lack of standing is treated as a motion to dismiss pursuant to Civ.R. 12. A-1 Nursing Care ofCleveland, Inc. v. Florence Nightingale Nursing, Inc. (1994),97 Ohio App.3d 623, 626-627. In order for a trial court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, syllabus. Factual allegations in the complaint will be presumed as true, and inferences will be made in favor of the non-moving party. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192. Appellate review of a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) is de novo.Woods v. Oak Hill Community Med. Ctr. (1999),134 Ohio App.3d 261, 267.
 {¶ 8} A person interested in a will may contest it under R.C.2107.71. A "person interested" is defined as "one, who, at the time of the commencement of an action to contest a will, has a direct, pecuniary interest in the estate of the putative testator, that would be impaired or defeated if the instrument admitted to probate is a valid will." Steinberg v. Cent. TrustCo. (1969), 18 Ohio St.2d 33, syllabus. Appellant must have an interest that would be defeated if his natural father's will is admitted to probate.
 {¶ 9} An illegitimate child cannot inherit from his natural father in Ohio unless the father has taken steps during his lifetime to permit inheritance. Inheritance rights may be conferred by: (1) formal acknowledgement in probate court by the father that the child is his; (2) designating the child as his heir at law pursuant to R.C. 2105.15; (3) adopting the child; and (4) making a provision for the child in his will. Moore v.Dague (1975), 46 Ohio App.2d 75, 76-77. Appellant's purported natural father did not acknowledge him, designate him an heir at law, or adopt him. Appellant has attempted to establish a right to inherit through a prior will.
 {¶ 10} Appellant alleges he was made a beneficiary in a prior will which was attached to his amended complaint. Under R.C.2107.26, a lost will may be admitted to probate if clear and convincing evidence establishes the contents of the will and that the will met the formalities of execution.[2] The contestant must make a prima facie case as to the validity of the will under which he claims. Kennedy v. Walcutt (1928),118 Ohio St. 442, 446. Under R.C. 2107.03, a will in Ohio must be in writing, signed by the testator, and attested by two or more competent witnesses. The document attached to the amended complaint does not meet these requirements. It is not signed by the decedent, and it is not attested by any witnesses. Consequently, appellant has failed to make a prima facie case that the document is a valid will under Ohio law.
 {¶ 11} Appellant has not made a prima facie case that there is a prior valid will. Therefore, he cannot establish that his natural father made provisions for him to inherit. He is not a person interested in decedent's will because he has no interest that will be impaired or defeated by admitting the will to probate. Hence, appellant does not have standing to contest decedent's will. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 12} On consideration, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
Judgment Affirmed.
Handwork, P.J., Knepper, J., Singer, J., concur.
[1] This is in addition to appellant's claim that he was a beneficiary under a subsequent will. No evidence of a subsequent will was produced.
[2] {¶ a} R.C. 2107.26 states:
{¶ b} "When an original will is lost, spoliated, or destroyed before or after the death of a testator, the probate court shall admit the lost, spoliated, or destroyed will to probate if both of the following apply:
{¶ c} "(A) The proponent of the will establishes by clear and convincing evidence both of the following:
{¶ d}
"(1) The will was executed with the formalities required at the time of execution by the jurisdiction in which it was executed.
{¶ e} "(2) The contents of the will.
{¶ f} "(B) No person opposing the admission of the will to probate establishes by a preponderance of the evidence that the testator had revoked the will."