DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Velvet Grable Meadows, appeals from an order of the Summit County Court of Common Pleas, Probate Division. We affirm.
 I. {¶ 2} Ms. Meadows is the debtor on a cognovit note held by the estate of Constance W. Smart, now deceased. In a separate proceeding, the estate sued Ms. Meadows to recover payment of that note. In the underlying proceeding, Ms. Meadows brought a motion in the probate court to challenge the intestate distribution of the estate, including distribution of the note. The court dismissed her motion, finding that she had no standing to contest the probate. Ms. Meadows timely appealed, asserting a single assignment of error for review.
 II. Assignment of Error
"The trial court erred in dismissing Appellant's motion, and in Dismissing the motion `with prejudice'."
 {¶ 3} Ms. Meadows claims that she is a "beneficiary" of sorts, under Mrs. Smart's estate. That is false. Although not mentioned in her brief, at argument, Ms. Meadows claimed that she is a creditor of the estate. That is also false. She is not a beneficiary, she is not a creditor, and she has no standing to contest the probate. See R.C. 2125.02; In reOkos, 6th Dist. No. L-03-1343, 2004-Ohio-2882, at ¶¶ 3, 11. See, generally, Tiemann v. Univ. of Cincinnati (1998), 127 Ohio App.3d 312,325. The probate court properly dismissed her claim.
 III. {¶ 4} Ms. Meadows' sole assignment of error is overruled. The order of the Summit County Court of Common Pleas, Probate division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Moore, J. Concur.