**In re FRANK; Siebert, Appellant.**

[Cite as *In re Frank*, 181 Ohio App.3d 686, 2009-Ohio-1285.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22657.

Decided March 20, 2009.

David W. Cox, for appellant.

GRADY, Judge.

{¶ 1} On February 2, 2001, Scott R. Siebert applied to the probate court to be appointed trustee under a testamentary trust created by the last will and testament of his late father. Siebert filed an initial bond in the amount of $300,000. Following his appointment, Siebert filed an inventory reporting estate assets of $294,956.

{¶ 2} On March 30, 2006, Siebert filed a fifth annual account reporting estate assets of $293,990.22. On January 10, 2007, the probate court sua sponte ordered Siebert's trustee's bond increased to no less than $587,980.44, pursuant to Mont.Loc.R. 75(H). That rule provides that unless a bond is waived by the decedent's will, the initial bond posted by the trustee shall be double the value of the assets of the estate plus its projected income.

{¶ 3} Siebert asked the court to reduce the larger bond it had ordered. He argued that because $208,802.78 of the estate's total assets are in an annuity managed by Northwestern Mutual Insurance Company, which had agreed to not permit withdrawal of any funds absent an order of the probate court, a commensurate reduction of bond is authorized by R.C. 2109.13. In a supplemental memorandum, Siebert pointed out that Northwestern Mutual has an AAA rating and that the increased bond will consume a greater part of the income of the estate. He asked the court to reduce the bond to its original amount, $300,000, or less.

{¶ 4} The probate court denied Siebert's motion to reduce his bond. The court held that because the bond-reduction provisions of R.C. 2109.13 are expressly limited to estate assets in the form of deposits in banks and in trust companies established pursuant to state law, that section does not authorize the reduction of bond Siebert requested with respect to the value of the Northwestern Mutual annuity. Siebert then filed a bond in the amount of $600,000.

{¶ 5} On December 6, 2007, Siebert filed a motion to approve a settlement agreement authorized by R.C. 5801.10(C) between him, as trustee, and Kenneth

G. Frank, his brother and sole beneficiary of the trust.[1] The agreement would modify the settlor's will to dispense with the giving of a bond, permitting the court to waive a bond requirement pursuant to Mont.Loc.R. 75(H).

{¶ 6} On January 29, 2008, the probate court ordered its prior bond requirement withdrawn. Subsequently, on February 14, 2008, the court denied approval of the settlement·agreement to modify the trust instrument. The court held that an agreement authorized by R.C. 5801.10 cannot operate to deprive the probate court of jurisdiction to enforce a statutory requirement of R.C. Chapter 2109 governing administration of trusts. Siebert appealed from that order.

### FIRST ASSIGNMENT OF ERROR

{¶ 7} "The trial court erred in finding that a private settlement agreement executed pursuant to O.R.C. 5801.10 cannot modify a testamentary trust as to bond provisions."

{¶ 8} Persons applying for appointment as trustees must file a bond in an amount not less than double the value of the trust estate, unless "the instrument creating the trust dispenses with the giving of a bond." R.C. 2109.04(A)(1) and (2); Mont.Loc.R. 75(M). The testamentary trust instrument in the present case merely requested that no bond be required. Therefore, a bond was required, and in relation to the trust assets of $294,956 originally reported, the initial bond of only $300,000 that Siebert posted was inadequate. The court's order of January 10, 2007, increasing Siebert's bond requirement to $587,980.44 based on the trust assets and income of $293,990.22 he most recently reported, was an effort to correct that defect.

{¶ 9} R.C. 2109.04(C) authorizes the probate court to "reduce the amount of the bond of [the] fiduciary at any time for good cause shown." The probate court denied the bond-reduction relief Siebert requested, reasoning that R.C. 2109.13 prevented it because Northwestern Mutual Insurance Company is not a bank or trust company. Siebert relied on R.C. 2109.13 in making his request, and the court correctly found that R.C. 2109.13 could not apply to the annuity fund Siebert's request concerned. But that section does not preclude a reduction for good cause authorized by R.C. 2109.04(C).

{¶ 10} Siebert took no appeal from the court's order denying his motion to reduce bond. Instead, he sought to avoid any bond at all through an agreement to modify the testamentary trust instrument to dispense with a bond requirement. The court's approval of the agreement would require it to withdraw its

---

1. The will designates Frank, his wife, and his children as the trust beneficiaries. R.C. 5801.10(B)(2) requires agreement by all beneficiaries.

former bond requirement unless the court is of the opinion that the interest of the trust demands it. R.C. 2109.04(A)(2).

{¶ 11} R.C. Chapters 5800 through 5811, which became effective on January 1, 2007, enact provisions of the Uniform Trust Code. Most of the Uniform Code consists of default rules that apply only if the terms of the trust fail to address or insufficiently cover a particular issue. The Uniform Code also contains rules on trust modification and termination that will enhance flexibility of trusts. See Official Comment, Uniform Trust Code, Section 103, Comment.

{¶ 12} The Uniform Trust Code consists of seven articles. Article 4 pertains to the creation, validity, modification, and termination of a trust. "Sections 410 through 417 provide a series of interrelated rules on when a trust may be terminated or modified other than by its express terms. The overall objective of these sections is to enhance flexibility consistent with the principle that preserving the settlor's intent is paramount. Termination or modification may be allowed upon beneficiary consent if the court concludes that the trust or a particular provision no longer serves a material purpose or if the settlor concurs; by the court in response to unanticipated circumstances or to remedy ineffective administrative terms; or by the court or trustee if the trust is of insufficient size to justify continued administration under its existing terms. Trusts may be reformed to correct a mistake of law or fact, or modified to achieve the settlor's tax objectives. Trusts may be combined or divided. Charitable trusts may be modified or terminated under cy pres to better achieve the settlor's charitable purposes." Anderson, Ohio Annotated Probate Laws Handbook (2008), Overview of Uniform Trust Code, 857, 858.

{¶ 13} R.C. 5801.10(C)(4) authorizes the trustee and trust beneficiaries to "enter into an agreement with respect to any matter concerning the construction of, administration of, or distributions under the trust instrument, * * * [which] include, but are not limited to * * * [m]odifying the trust instrument, if the modification is not inconsistent with any dominant purpose or objective of the trust." R.C. 5801.10(J) provides: "Nothing in this section restricts or limits the jurisdiction of any court to dispose of matters not covered by agreements under this section or to supervise the acts of trustees appointed by that court." R.C. 5801.10(K) states: "This section shall be liberally construed to favor the validity and enforceability of agreements entered into under it."

{¶ 14} We agree that because R.C. 5801.10(J) preserves the jurisdiction of the probate court to supervise the acts of trustees appointed by that court in relation to the terms of an agreement authorized by R.C. 5801.10(C)(4), such an agreement cannot operate to divest the court of its jurisdiction. However, if the modification of a trust instrument the agreement would effect is consistent with the statutory authority that jurisdiction confers, and is not inconsistent with any

dominant purpose or objective of the trust, the court is enjoined by R.C. 5801.10(K) to construe the agreement liberally to favor its validity and enforcement. The fact that the court had previously exercised its jurisdiction to enter an order concerning the administration of a trust does not preclude the court's approval of a proper agreement to modify the term or terms of the trust document concerning which the prior order was entered.

{¶ 15} The settlement agreement the probate court was asked to approve would modify the administration of the trust by waiving a bond requirement. The proposed modification is consistent with the provisions of R.C. 2109.04(A)(2) that require the court to appoint a fiduciary without bond "if the instrument creating the trust dispenses with the giving of a bond." The modification would dispense with the bond requirement, subject to the further provision of R.C. 2109.04(A)(2) permitting the court to nevertheless order a bond if "the court is of the opinion that the interest of the trust demands it." That modification would not deprive the court of its jurisdiction to enforce any of the requirements imposed by R.C. Chapter 2109, which was the basis on which the court denied the motion to approve the agreement.

{¶ 16} The probate court erred when it denied the motion to approve the settlement agreement for the reason on which the court relied. We offer no opinion concerning whether the settlement agreement satisfies R.C. 5801.10 or whether, if the court approves the agreement, it should or should not order a bond in some amount.

{¶ 17} The first assignment of error is sustained.

SECOND ASSIGNMENT OF ERROR

{¶ 18} "Even if a probate court was not required to effectuate a private settlement agreement regarding the posting of bond, such a determination in the case at bar was an abuse of discretion."

{¶ 19} The error assigned is rendered moot by our decision sustaining the first assignment of error. Therefore, per App.R. 12(A)(1)(c), we exercise our discretion and decline to decide it.

{¶ 20} The case will be remanded to the probate court for further proceedings consistent with the opinion.

Judgment reversed
and cause remanded.

DONOVAN, P.J., and FROELICH, J., concur.