[Cite as *Revocable Living Trust of Mandel v. Lake Erie Util. Co.*, 2012-Ohio-5718.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 97859

---

## REVOCABLE LIVING TRUST OF STEWART I. MANDEL

PLAINTIFF-APPELLANT

vs.

## LAKE ERIE UTILITIES CO., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Division
Case No. 10 ADV 163717

**BEFORE:** Celebrezze, J., Stewart, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** December 6, 2012

**ATTORNEY FOR APPELLANT**

Orville E. Stifel, II
5310 Franklin Boulevard
P.O. Box 602780
Cleveland, Ohio   44102

**ATTORNEYS FOR APPELLEES**

**For Lake Erie Utilities Co.**

James C. Barney
Kocher & Gillum
101 1/2 Madison Street
Port Clinton, Ohio   43452

**For Burgundy Bay Association, Inc.**

David M. Buda
Burgundy Bay Association, Inc.
35 East Livingston Avenue
Columbus, Ohio   43215

**For Harry Giltz, Sr.**

Harry Giltz, Sr., pro se
4835 Munson
Canton, Ohio   44718

**For David W. Thompson, et al.**

David Thompson, pro se
9967 Sage Creek Drive
Galena, Ohio   43021

**For Trust Beneficiaries**

Joseph Rosalina
Russo, Rosalina & Co., L.P.A.
691 Richmond Road
Richmond Heights, Ohio   44143
FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Appellant, Morris Mandel, trustee of the Revocable Living Trust of Stewart I. Mandel, brings this appeal following the dismissal of his declaratory judgment action pursuant to Civ.R. 12(b)(1) and 12(b)(6). The trustee argues that he has standing to bring this contract dispute, the Cuyahoga County Probate Court has jurisdiction to hear it, and Cuyahoga county is the proper venue. After a thorough review of the record and law, we affirm in part, reverse in part, and remand.

## I. Factual and Procedural History

**{¶2}** Stewart Mandel established an inter vivos trust in 1996. The trust instrument named Stewart trustee during his life and Farmer's Trust Company ("Farmers") as successor trustee on Stewart's death. Morris was also tasked with serving as trustee during Stewart's life if Stewart ever became incapacitated. Morris was also named as a trust protector with the power to supervise and remove Farmers and appoint a successor trustee after Stewart's death.

**{¶3}** Stewart owned three parcels of land on Middle Bass Island in Ottawa county, Ohio, and on November 19, 1991, he entered into an assessment agreement with Burgundy Bay Association, Inc. ("Burgundy Bay"), a homeowners' association, and Lake Erie Utility Company ("Lake Erie"), the utility company servicing the neighborhood. The agreement allowed homeowners with undeveloped contiguous parcels to defer or waive

assessments[1] on those parcels so long as they remained undeveloped. In 1996, the properties were transferred to the trust. The agreement stated it was binding on successors and assignees.

{¶4} Following Stewart's death in 2010, Farmers administered the trust while Stewart's estate was probated. Morris asserts in his opposition to appellees' motion to dismiss that following the close of the probate estate, he exercised his powers as trust protector to remove Farmers and appoint himself as successor trustee.

{¶5} While Farmers was trustee, it determined to sell the three parcels on Middle Bass Island and market the two undeveloped parcels separately as land capable of development. Burgundy Bay and Lake Erie filed liens against the property for past assessments plus interest, which it alleged became due when Farmers intended to sell the parcels as separate lots.

{¶6} On November 24, 2010, Morris brought a declaratory judgment action in the Cuyahoga County Probate Court claiming to be brought in his capacity as trustee as well as in his individual capacity as beneficiary of the trust. He sought construction of the assessment agreement as well as damages for slander of title and an injunction to remove the liens that created a cloud on the title.

---

[1] This is the crux of the dispute in this case.

**{¶7}** From various title records submitted by appellees, Morris appears not to have been trustee at the time the suit was filed. Morris filed a notice of successor trustee effective May 2, 2011, indicating he removed Farmers and named himself third successor trustee on April 29, 2011. In the mean time, Burgundy Bay and Lake Erie used this apparent lack of authority to attempt to have the case terminated for lack of standing by filing a motion to dismiss or in the alternative to transfer venue. They also argued that the probate court lacked subject matter jurisdiction and that venue did not lie in Cuyahoga county. Morris opposed the motion, and the trial court allowed significant briefing and a hearing on the issues raised by appellees.[2]

**{¶8}** On December 22, 2011, the trial court granted the motion to dismiss filed by Burgundy Bay and Lake Erie, finding that Morris did not have standing because he was not the trustee at the time the action was filed, the probate court did not have subject matter jurisdiction over what amounted to a contract dispute, and venue was appropriate in Ottawa, not Cuyahoga, county. The probate court dismissed the case, but the journal entry memorializing its decision did not indicate whether the dismissal was with or without prejudice. Morris, as trustee, timely appealed that decision to this court for review, assigning four errors:

---

[2] The trial court provided the parties with an opportunity for a hearing, but both parties decided to rely on significant briefing instead.

I.   The trial court erred in holding that Morris Mandel lacked standing to maintain the underlying lawsuit.

II.   The trial court erred in holding that it lacked jurisdiction over the subject matter of the complaint.

III.   The trial court erred in rendering a purely advisory opinion regarding venue, opining that, "Cuyahoga county is not the proper venue."

IV.   The trial court erred in failing to specify that its dismissal was a dismissal without prejudice.

## II.   Law and Analysis

**{¶9}** The trustee first argues that he had standing to institute the declaratory judgment actions against appellees.

### A. Standing

**{¶10}** "Standing determines 'whether a litigant is entitled to have a court determine the merits of the issues presented.'   Whether a party has established standing to bring an action before the court is a question of law, which we review de novo."   (Citations omitted.)   *Moore v. Middletown*, Ohio 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 20.

> "To succeed in establishing standing, plaintiffs must show that they suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief.   These three factors — injury, causation, and redressability — constitute 'the irreducible constitutional minimum of standing.'"   (Citations omitted.)

*Id*. at ¶ 22.

**{¶11}** "A motion to dismiss for lack of standing is treated as a motion to dismiss pursuant to Civ.R. 12." *Estate of Okos v. Farley*, 6th Dist. No. L-03-1343, 2004-Ohio-2882, ¶ 7, citing *A-1 Nursing Care of Cleveland, Inc. v. Florence Nightingale Nursing, Inc.*, 97 Ohio App.3d 623, 626-627, 647 N.E.2d 222 (8th Dist.1994). Specifically, a lack of standing may properly be raised in a motion to dismiss premised on Civ.R. 12(B)(6). *Culler v. Culler*, 5th Dist. No. 2010 CA 0042, 2010-Ohio-5095. However, the court must confine its analysis of the standing issue to the complaint, just as it must for all motions to dismiss for failure to state a claim, unless the court converts the motion to one for summary judgment and gives the parties proper notice. *Id.* at ¶ 18.

**{¶12}** Here, the complaint and amended complaint both stated Morris was the trustee of the Mandel Trust at the time the action was filed. They also stated Morris was a present interest trust beneficiary. Evidence that Morris was not the trustee at the time the complaint was filed was submitted, but the trial court could not rely on this information unless it converted the motion to one for summary judgment. The court must presume as true factual allegations made in the complaint. *Id.*

**{¶13}** Therefore, taking the allegations in the complaint as true, Morris had standing to bring suit. There is no evidence in the record that the trial court converted the motion to dismiss to one for summary judgment, even

though the court allowed ample opportunity to brief the issue and allowed the parties to submit evidence during a hearing.

{¶14} Even if evidence was submitted showing that Morris was not the trustee at the time, the action was properly filed before the trial court because Morris still had standing to bring the action in his individual capacity. *Papiernik v. Papiernik*, 45 Ohio St.3d 337, 544 N.E.2d 664 (1989). Here, we find Morris, as a present trust beneficiary, had an interest in the contract dispute. Burgundy Bay and Lake Erie had filed liens against property of the trust, which significantly affected the property's value. This injury would be borne directly by Morris because of the diminution in value of trust assets. This injury is directly traceable to the actions of Burgundy Bay and Lake Erie. Finally, the declaratory judgment action would provide relief to Morris. The three factors of standing — injury, causation, and redressability — are all met in this case.

{¶15} While this may raise issues regarding the joining of necessary parties if the actual trustee was not joined in the suit, at the time the trial court dismissed the action, Morris had affirmatively demonstrated that he was the trustee. A line of cases involving a different area of jurisprudence in this jurisdiction holds that the question of standing must be examined at the time the complaint is filed. *Wells Fargo Bank, N.A. v. Jordan*, 8th Dist. No. 91675, 2009-Ohio-1092; *CitiMortgage, Inc. v. Slack*, 8th Dist. No. 94899,

2011-Ohio-613, ¶ 10; *Deutsche Bank Natl. Trust Co. v. Triplett*, 8th Dist. No. 94924, 2011-Ohio-478. *See also Fed. Home Loan Mtge. Corp. v. Schwartzwald*, Supreme Court Nos. 2011-1201 and 2011-1362, 2012-Ohio-5017 (Apr. 4, 2012). However, those decisions hinge on Civ.R. 17(A) and whether a plaintiff is the real party in interest in a foreclosure action. *Jordan* at ¶ 21. Here, as a trust beneficiary, Morris is an interested party with a stake in the litigation at the time it was filed. This satisfied Civ.R. 17(A).

{¶16} After taking the allegations from the complaint as true, the trustee had standing to bring a declaratory judgment action against Burgundy Bay and Lake Erie.

### B. Subject Matter Jurisdiction

{¶17} Appellees also argued in their motion to dismiss that the trial court lacked subject matter jurisdiction, an argument premised on Civ.R. 12(B)(1).

> After a party files a Civ.R. 12(B)(1) motion to dismiss, the trial court must determine whether the complaint contains allegations of a cause of action that the trial court has authority to decide. The Ohio Supreme Court has further noted that the "trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1)

motion to dismiss, and it may consider material pertinent to such inquiry." (Citation omitted.)

*Bank of Am. v. Macho*, 8th Dist. No. 96124, 2011-Ohio-5495, ¶ 7, quoting *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 480 Ohio St.2d 211, 358 N.E.2d 526 (1976). We review a motion to dismiss de novo, pursuant to Civ.R. 12(B)(1), applying the same standard as the trial court but without deference to the trial court's determination. *Mellion v. Akron City School Dist. Bd. of Edn.*, 9th Dist. No. 23227, 2007-Ohio-242, ¶ 6, citing *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 936, 746 N.E.2d 222 (10th Dist.2000).

**{¶18}** "[A]n action for declaratory judgment must be brought in a court that has subject matter jurisdiction over the underlying controversy." *Bollenbacher v. Wayne Cty. Bd. of Commrs.*, 9th Dist. No. 11CA0062, 2012-Ohio-4198, ¶ 12, citing *Urbana ex rel. Newlin v. Downing*, 43 Ohio St.3d 109, 110, 539 N.E.2d 140 (1989). "The probate division of the court of common pleas has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas to issue writs and orders and to hear and determine *any action that involves an inter vivos trust*." (Emphasis added.) R.C. 5802.03.

**{¶19}** Similarly, R.C. 2101.24(B)(1)(b) provides that "[t]he probate court has concurrent jurisdiction with, and the same powers at law and in equity

as, the general division of the court of common pleas to issue writs and orders, and to hear and determine actions * * * that involves an inter vivos trust * * *." Further, "[t]he probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code." R.C. 2101.24(C).

{¶20} The Fourth District has found that matters involving claims against trust property were encompassed by this broad language. *Zahn v. Nelson*, 170 Ohio App.3d 111, 2007-Ohio-667, 866 N.E.2d 58, ¶ 16-20 (4th Dist.). In *Zahn,* the probate court was asked to interpret the trust instrument itself, which clearly involves an inter vivos trust. The same statute was analyzed by the Sixth District in a case involving the interpretation of a trust instrument and an ancillary document. *Natl. City Bank v. de Laville*, 170 Ohio App.3d 317, 2006-Ohio-5909, 867 N.E.2d 416 (6th Dist.).

{¶21} Here, we are dealing with an ancillary contract between the settlor of the trust and third parties who are strangers to the trust. However, Lake Erie and Burgundy Bay have made claims against trust property by filing liens against trust property pursuant to their interpretation of the assessment agreement. This is a matter of contract interpretation that is not so removed from the governance of the trust that would preclude a

common pleas court, and thus a probate court, with concurrent jurisdiction from exercising jurisdiction over the matter as claims made against trust property.

{¶22} At first blush, the Cuyahoga County Probate Court seems an unlikely place to bring a contract dispute involving property in Ottawa county. However, a reading of the broad jurisdictional provisions for the probate courts of Ohio relating to matters involving trusts demonstrates that this is a matter involving claims against property of an inter vivos trust, which R.C. 2101.24(B)(1)(b) allows to be heard by a probate court. *State ex rel. Sladoje v. Belskis*, 149 Ohio App.3d 190, 2002-Ohio-4505, 776 N.E.2d 557 (10th Dist.). Where a contract has no bearing on trust property or the administration of a trust, then a probate court is without jurisdiction to entertain a declaratory judgment action seeking the court's interpretation. *In re Estate of Martin*, 115 Ohio App. 515, 185 N.E.2d 785 (12th Dist.1962) (stating the same for contracts having no bearing on estate property or the administration of an estate). But here, the contract in question directly affects trust property and the validity of the liens levied against it. Those liens create a cloud on the title, something the trustee is attempting to extinguish with this action.

{¶23} Cases holding that the jurisdiction of the probate court is limited to "matters involved in the enhancement or depletion of the estate and

distribution of that estate to the proper heirs" *Ivancic v. Enos*, 11th Dist. No. 2011-L-050, 2012-Ohio-3639, ¶ 38, citing 1 *Baldwin's Ohio Practice, Merrick-Rippner Probate Law*, Section 3:4 (2011), were decided before Ohio adopted the Uniform Trust Code and added the broad language of R.C. 2101.24(B)(1)(b). *See In re Frank*, 181 Ohio App.3d 686, 2009-Ohio-1285, 910 N.E.2d 523, ¶ 11 (2d Dist.). When codifying the broad jurisdictional grant for the probate court, Ohio adopted the provisions outlined in the Uniform Trust Code. Section 203(b), Uniform Trust Code (2005). That language is not limited in its scope by other provisions as it is in other states. *See, e.g., Betty G. Weldon Revocable Trust v. Weldon*, 231 S.W.3d 158, 173 (Mo.App.2007).

{¶24} Once it is determined that the probate court has jurisdiction over the declaratory judgment action, it may exercise jurisdiction over the remainder of the trustee's claims because the probate court also has plenary power to fully dispose of any matter properly before the court unless the power is expressly otherwise limited or denied by statute. *Wolfrum v. Wolfrum*, 2 Ohio St.2d 237, 208 N.E.2d 537 (1965).

## C. Venue

{¶25} The trial court also determined that venue was not appropriate in Cuyahoga county, which the trustee asserts is an advisory opinion given

that the court found it lacked subject matter jurisdiction and the trustee lacked standing.

**{¶26}** "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits, while venue connotes the locality where the suit should be heard." *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972), citing *Fireproof Constr. v. Brenner-Bell Inc.*, 152 Ohio St. 347, 89 N.E.2d 472 (1949).

**{¶27}** Generally, venue is determined by the proper application of Civ.R. 3(B). Recognizing this analysis insufficient for probate practice, Civ.R. 73(A) makes the general venue provision inapplicable to the probate court. However, Civ.R. 73 only applies to those actions instituted under one of the provisions of Ohio's probate code set forth in R.C. Chapters 2101 through 2131. Staff note to Civ.R. 73(B). Specifically, the staff notes recognize that

> [R.C.] 2725.01, et seq., and [R.C.] 2721.01, et seq., which govern habeas corpus and declaratory judgment, do not attempt to state the forums in which habeas corpus or declaratory judgment may be filed. These sections are outside Chapter 2101 through Chapter 2131 of the Revised Code and therefore, outside the ambit of the Rule 73(B) limitation.

**{¶28}** In opposition to appellees' motion to dismiss, the trustee argued that Civ.R. 3 did not apply because the probate division had its own venue rules set forth in Civ.R. 73. That argument is contrary to the staff notes and

impermissibly enlarges the venue of the probate court beyond constitutional bounds. Therefore, Civ.R. 3(B) determines what venue is appropriate in this case.

{¶29} Generally, this court reviews a lower court's decision regarding venue for an abuse of discretion. *State v. Mohamed*, 178 Ohio App.3d 695, 2008-Ohio-5591, 899 N.E.2d 1071, ¶ 12 (8th Dist.). An abuse of discretion connotes the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). However, the trial court did not make a decision to transfer the case, as Civ.R. 3 requires. Instead, it made the determination that venue was not appropriate in Cuyahoga county after deciding to dismiss the case on other grounds.

{¶30} Civ.R. 3(C) provides,

> [w]hen an action has been commenced in a county other than stated to be proper in division (B) of this rule, upon timely assertion of the defense of improper venue as provided in Civ.R. 12, the court shall transfer the action to a county stated to be proper in division (B) of this rule.

The movant must affirmatively demonstrate that venue is inappropriate in the forum chosen by the plaintiff. The movant must also show where an appropriate forum lies.

{¶31} We agree with the trial court that Cuyahoga county is not the proper venue for this case. Civ.R. 3(B) does not provide a basis for haling

Burgundy Bay and Lake Erie before a court in Cuyahoga county for a declaratory judgment action involving property in Ottawa county.

{¶32} The trustee now argues, for the first time on appeal, that Stewart Mandel signed the assessment agreement in Cuyahoga county and argues that Cuyahoga county is an appropriate venue because actions of the defendants conducted in Cuyahoga county in connection with the drafting or execution of the agreement satisfies Civ.R. 3(B)(3) — "[a] county in which the defendant conducted activity that gave rise to the claim for relief." However, from the face of the agreement, only Stewart signed in Cuyahoga county. Burgundy Bay and Lake Erie both executed the agreement in Stark county. The trustee made no argument that any negotiations took place in Cuyahoga county or that the appellees did anything in Cuyahoga county. That distinguishes this case from others where venue was found to be appropriate where contracting parties conducted negotiations in the forum giving rise to venue under Civ.R. 3(B)(3). *See, e.g., Paparodis v. Snively*, 7th Dist. No. 06-CO-5, 2007-Ohio-6910.

{¶33} Finally, resort to Civ.R. 3(B)(12), "the county where the plaintiff resides[,]" is proper only where available forums in subsections (1) through (10) of the rule are not appropriate. *Fuller v. Fuller*, 32 Ohio App.2d 303, 306, 290 N.E.2d 852 (10th Dist.1972). Here, Civ.R. 3(B)(2), "the county in

which the defendant has its principle place of business[,]" or Civ.R. 3(B)(5), "the county in which the property * * * is situated[,]" is appropriate.

{¶34} Therefore, venue is not appropriate in Cuyahoga county. Pursuant to Civ.R. 3(C)(1) and the trial court's prior finding that venue was not appropriate in Cuyahoga county, the trial court must transfer the case to an appropriate venue.

### III. Conclusion

{¶35} The trustee has standing to bring this action as a present interest trust beneficiary and trustee at the time the action was dismissed. Further, the probate court of Cuyahoga county has subject matter jurisdiction over this case according to R.C. 2101.24(B)(1)(b) because it involves a claim against trust property. Finally, venue is not appropriate in Cuyahoga county because the provisions of Civ.R. 73 do not apply to the trustee's declaratory judgment action. Therefore, the case is remanded to the trial court with instructions to transfer this case to an appropriate venue. This holding renders the trustee's final assignment of error, regarding whether the dismissal should be with or without prejudice, moot.

{¶36} Judgment affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellees share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
JAMES J. SWEENEY, J., CONCUR