[Cite as *Pond v. Conkle*, 2023-Ohio-3438.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| David Pond, Trustee, | : | |
| Plaintiff-Appellant, | : | No. 22AP-770 |
| | | (M.C. No. 2021 CVI 034588) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Jason R. Conkle, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 26, 2023

**On brief:** *David Pond*, pro se. **Argued:** *David Pond*.

APPEAL from the Franklin County Municipal Court

BEATTY BLUNT, P.J.

{¶ 1} Plaintiff-appellant, David Pond, Trustee, appeals from a judgment of the Franklin County Municipal Court, Small Claims Division, dismissing his complaint against defendant-appellee, Jason R. Conkle. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings.

**I. Facts and Procedural History**

{¶ 2} On November 29, 2021, appellant filed a complaint against Jason R. Conkle ("Conkle") in the Small Claims Division of the Franklin County Municipal Court. He alleged that Conkle "subletted in a house rented to Steven Pond," and that when Steven Pond passed away, "[Conkle] was asked to pay rent while he held over and pay for damages he and his minor son caused on the property." (Nov. 29, 2021 Compl. at 1.) Appellant further alleged that Conkle "agreed to pay $1000/month while there" but Conkle had never paid any of the rent agreed upon, nor the damages caused by Conkle and his son. *Id.* Appellant demanded judgment against Conkle in the amount of $6000, plus court costs and interest. *Id.*

{¶ 3} On July 21, 2022, the small claims court magistrate held a hearing to try the case. At the hearing, Conkle argued that the suit should be dismissed based on the grounds that there was no legal and/or enforceable lease or other agreement between himself and appellant because appellant never had the authority to demand additional rent or payment for damages. More specifically, Conkle asserted that at the time the demand for rent and payment of damages was made by appellant and agreed to by Conkle, appellant was not a trustee of the trust which owned the house where Conkle and his son had lived. Conkle further testified that in any event, he "fixed all the damage." (Jan. 26, 2023 Tr. at 13.)

{¶ 4} On August 22, 2022, the magistrate issued a decision dismissing the complaint, finding that "defendant is correct in his assertion of lack of standing" because appellant's "mother was the trustee at the time this agreement was made. The [appellant] did not become trustee of this property until April 15, 2021, the following year." (Aug. 22, 2022 Mag's Decision at 2.) Appellant timely filed objections and amended objections to the magistrate's decision.

{¶ 5} On November 15, 2022, the trial court issued its entry and order overruling appellant's objections and adopting the magistrate's decision and entering judgment. In its entry and order, the trial court found that "the plaintiff stated he was not reinstated as trustee until April 15, 2021." (Nov. 15, 2022 Entry & Order at 1.)

{¶ 6} This timely appeal followed.

## II. Assignments of Error

{¶ 7} Appellant assigns the following three errors for our review:

> [I.] The Judge erred as a matter of law when he stated that David Pond the current trustee of the Robert J. Pond Trust lacks standing to sue Jason Conkle for damages to Trust Property that occurred while Mary Ann Pond was the Trustee of the trust.

> [II.] The Judge erred as a matter of law when he stated that David Pond lacks standing to sue Jason Conkle for damages to Trust Property that occurred while Mary Ann Pond was the Trustee of the trust.

[III.] The Judge erred as a matter of law when he ignored ORC 5321.12 that states: In any action under Chapter 5321 of the Revised Code, **any** party may recover damages for the breach of contract or the breach of any duty that is imposed by law.

(Emphasis sic.)

## III. Discussion

{¶ 8} We address appellant's first and second assignments of error together as they raise the same issue regarding standing. In these two assignments of error, appellant asserts, in essence, the trial court erred in dismissing his complaint on the basis of standing. We agree.

{¶ 9} Whether a litigant has established standing is a question of law which we review de novo. *Ohioans for Concealed Carry, Inc. v. Columbus*, 164 Ohio St.3d 291, 2020-Ohio-6724, ¶ 12; *Wilkins v. Village of Harrisburg*, 10th Dist. No. 14AP-1028, 2015-Ohio-5472, ¶ 7, citing *LULAC v. Kasich*, 10th Dist. No. 10AP-639, 2012-Ohio-947, ¶ 23, citing *Ohio Concrete Constr. Assn. v. Ohio Dept. of Transp.*, 10th Dist. No. 08AP-905, 2009-Ohio-2400, ¶ 9.

{¶ 10} It is well-established that before an Ohio court may consider the merits of a legal claim, " 'the person or entity seeking relief must establish standing to sue.' " *Ohioans for Concealed Carry, Inc.* at ¶ 12, quoting *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, ¶ 27. "At a minimum, common-law standing requires the litigant to demonstrate that he or she has suffered (1) an injury (2) that is fairly traceable to the defendant's allegedly unlawful conduct and (3) is likely to be redressed by the requested relief." *Id.*, citing *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, ¶ 22. Standing does not turn on the merits of the plaintiff's claims but rather on whether the plaintiff has alleged such a personal stake in the outcome of the controversy that he is entitled to have a court hear his case. *Id.*, citing *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, ¶ 7. "Standing may also be conferred by statute." *Id.*, citing *Middletown v. Ferguson*, 25 Ohio St.3d 71, 75 (1986).

{¶ 11}    The Supreme Court of Ohio has "recognized that standing is a 'jurisdictional requirement,' and [has] stated: 'It is an elementary concept of law that a party lacks standing *to invoke the jurisdiction* of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action.' " *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 22, quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179 (1973). "Because standing to sue is required to invoke the jurisdiction of the common pleas court, 'standing is to be determined as of the commencement of suit.' " *Id.* at ¶ 24, quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570-71 (1992), fn. 5.

{¶ 12}    Here, the record shows the complaint was filed on November 29, 2021. Thus, standing is to be determined as of November 29, 2021. The undisputed evidence submitted shows that appellant was reinstated as trustee of the trust on April 15, 2021. Indeed, the magistrate and the trial court specifically made this finding in its decision and entry and order, respectively. The record contains no evidence indicating that appellant was subsequently removed as trustee at any point between April 15, 2021 and November 29, 2021. Therefore, as of the filing of the complaint, appellant's status was that of trustee. As trustee, appellant had standing to bring suit on behalf of the trust.[1]  *Revocable Living Trust of Mandel v. Lake Erie Utils. Co.*, 8th Dist. No. 97859, 2012-Ohio-5718, ¶ 13.

{¶ 13} The record further shows that appellant is not only trustee of the trust but is the sole beneficiary of the trust. As a present trust beneficiary, appellant also had standing to bring suit in his individual capacity. *Revocable Living Trust of Mandel* at ¶ 14, citing *Papiernik v. Papiernik*, 45 Ohio St.3d 337, 344 (1989) (holding that "a remainderman holding a vested interest in a trust which is subject to defeasance by the exercise of a testamentary power of appointment has standing to maintain an action to modify the administrative provisions of the trust agreement."). Like the plaintiff in *Mandel*, appellant

---

[1] We acknowledge that ordinarily, a non-attorney trustee may not prosecute a civil action on behalf of the trust. *Heath v. Teich*, 10th Dist. No. 06AP-1018, 2007-Ohio-2529, ¶ 9, citing *Tubalcain Trust v. Cornerstone Constr., Inc.*, 10th Dist. No. 93APE12-1701, 1994 Ohio App. LEXIS 2307.  However, *Heath* and *Tubalcain* are distinguishable in that they involved an estate and trust, respectively, in which the plaintiff was not the only beneficiary. Furthermore, in this case the issue is academic as appellant has standing based on his status as sole beneficiary and may represent himself pro se in that individual capacity in any event.

had an interest in the dispute between the trust and Conkle because the alleged damages and failure to pay the rent agreed to would result in diminution in value of the trust's asset—namely, the house. This injury to the value of the Trust's asset would be directly borne by appellant as sole beneficiary and is directly traceable to the actions of Conkle. Furthermore, the claims brought against Conkle, if successful, would provide relief to appellant. Thus, the three requirements of standing—injury, causation, and redressability—are all met in this case.

{¶ 14} Therefore, we find the trial court erred in dismissing appellant's claims against appellee for lack of standing to bring his claims and the case must be remanded for further proceedings. Accordingly, appellant's first and second assignments of error are sustained. In sustaining these errors, we wish to make clear that our ruling concerns only the narrow issue implicated in the within appeal and in no way reflects any opinion on the underlying merits of this case, including but not limited to whether the alleged agreement/s between appellant and Conkle are otherwise enforceable.

{¶ 15} As for appellant's third assignment of error, we have already found that the trial court erred in dismissing appellant's claims against Conkle for lack of standing to bring suit and that the case must be remanded for further proceedings. Accordingly, appellant's third assignment of error is rendered moot.

## IV. Disposition

{¶ 16} For the foregoing reasons, we sustain appellant's first and second assignments of error, find moot appellant's third assignment of error, and reverse the judgment of the Franklin County Municipal Court with instructions that the matter be remanded for further proceedings consistent with our findings herein.

*Judgment reversed; and*
*cause remanded with instructions.*

DORRIAN and JAMISON, JJ., concur.